Mel M. Marin          9 March 2016
3900 Dawnshire Dr.
Parma, OH 44134

Plaintiff
*Pro Se*

FILED
HARRISBURG, PA
MAR 14 2016
MARIA E. ELKINS, CLERK
Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MEL M. MARIN, | Civil 1:15-cv-1550 |
| Plaintiff, | **PLAINTIFF'S NOTICE OF AND MOTION FOR LEAVE TO FILE OPPOSITION LONGER THAN 6,500 WORDS; AND AFFIRMATION IN SUPPORT THEREOF** |
| v. | |
| THE SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA; *et al*, | |
| Defendants. | |

Plaintiff declares under penalty of perjury as follows:

1. Defendants' brief is too long and defendants did not move to allow it under Local Rule 7.8 in time. So plaintiff now moves to strike it. That eliminates any duty to oppose a motion to dismiss that does not exist.

2. However, default by the defendants does not relieve the court of the duty to determine if it has subject matter jurisdiction., which the court must raise *sua sponte*. Meritcare Inc. v. St. Paul Mercury Ins. Co., 166 F. 3d 214 (3rd Cir. 1999)(a federal court has the obligation to address a question of subject matter jurisdiction sua sponte).

3. That means standing and mootness. FOCUS v. Allegheny County Court of Common Pleas, 75 F. 3d 834, 838 at II (3rd Cir. 1996) (standing is an issue for sua sponte review); Chong v. District Director, INS, 264 F. 3d 378 (3rd Cir. 2001)(mootness is an issue for sua sponte review).

4. That does not allow the court to raise other issues that do not affect subject matter jurisdiction. Acosta v. Artuz, 221 F.3d 117, 122 at [4] (2nd Cir. 2000)("courts should not raise sua sponte nonjurisdictional defenses not raised by the parties"); Hardiman v. Reynolds, 971 F.2d 500, 502 at [1](10th Cir. 1992)("where the parties have not raised a defense, the court should not address

1

the defense *sua sponte*"). But courts often raise other issues *sua sponte* anyway.

5. Normally, a party must wait for the court to identify potential jurisdictional problems, and then answer. Kreir v. Ray, 341 F.App'x 295, 297 [2](9th Cir. 2009)(before a court may dismiss a claim *sua sponte*, "the court must give pro se litigant notice of deficiencies and an opportunity to amend prior to dismissal").

6. However, to save time, plaintiff wishes to address these at once without waiting.

7. This causes problems which makes plaintiff's submission in excess of the 5,000 word limit that local rules require.

8. This is because while plaintiff can easily make a submission of only a couple of subject-matter issues within 5,000 words, in the event this court denies the striking of the defendants' brief the plaintiff still has to wade through arguments knee-deep in mud and try to clean them up and clarify them. That second aspect takes far more papers.

9. For instance, as this court is aware, § 1983 complaints may be attacked for violating Rule 8 if they include too many details, or attacked for not including enough to match *Iqbal* standards. The defendants here object to both at the same time. In re Teleglobe Communications Corp., 493 F. 3d 345, 377 (3rd Cir. 2007)("Judicial estoppel prevents a party from "playing fast and loose with the courts" by adopting conflicting positions in different legal proceedings (or different stages of the same proceeding)"). That forces plaintiff to argue both sides of every issue defendants raise, and that doubles the pages needed.

10. For instance, at MOTION p. 7 they argue the entire complaint must be limited to "a short and plain statement of the facts" and say those are not present. That forces plaintiff to quote strings of entire allegations to show where the plain facts are. Judges never strike government defendants' conclusory objections. They only strike plaintiffs' conclusory statements. At least that is plaintiff's observation. So government defendants get away with making vague general objections that forces plaintiffs to (a) clarify what the defendants might have meant, and (b) oppose all of those potential issues, and that doubles the pages needed. Since defendants already exceeded the page limits with generalities, plaintiff's opposition must be longer.

11. For instance, the defendants wandering general objections fail to identify which

causes of action they pertain-to, and that should waive objection to most of the claims. U.S. v. Pelullo, 399 F. 3d 197 (3rd Cit. 2005)(failure to identify an issue in the first brief waives it).

12. And they fail to object to plaintiff's allegations of law and that should also waive those objections. Alexander v. Riga, 208 F.3d 419, 429 (3rd Cir. 2000) (failure to challenge the law in a jury instruction waives objection); Eastern Minerals v. Mahan, 225 F.3d 330, 336 n. 11 (3rd Cir. 2000)(failure of a party to object to two elements out of a three-element rule of law could affect the outcome unless the last necessary element is unsatisfied); Colorado Health Care Ass.n v. Colo. Dep.t. Of Social Servs., 598 F.Supp. 1400, 1406 (D. Colo. 1984), affirmed, 842 F.2d 158 (failure to challenge explicit legal arguments of waiver of immunity waives objection).

13. However, if judges here repair the poor drafting of government defendants by mixing-and-matching as most judges do, trying to apply what government defendants might be saying about mootness as to one cause of action as if the argument is made against six causes of action, then that makes the duty far longer than it should be.

DATED: March 9, 2016