FILED
HARRISBURG, PA

MAR 1 4 2016

MARIA E. ELKINS, CLERK
Per_____
DEPUTY CLERK

Mel M. Marin                    9 March 2016
3900 Dawnshire Dr.
Parma, OH 44134

Plaintiff
*Pro Se*

## IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MEL M. MARIN, | ) | Civil 1:15-cv-1550 |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S NOTICE OF** |
| | ) | AND MOTION TO STRIKE |
| v. | ) | MOTION TO DISMISS; |
| | ) | AND AFFIRMATION; |
| THE SECRETARY OF THE | ) | AND |
| COMMONWEALTH OF | ) | PROOF OF SERVICE |
| PENNSYLVANIA; *et al*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff declares under penalty of perjury as follows:

1.     He received a brief for a motion to dismiss with no certificate of word count, exceeding 15 pages, and that violates Local Rules 7.8( b) which says no such brief shall be filed.

2.     Therefore, the motion must be stricken which leaves defendants with no brief in support and, under Local Rule 7.5, the motion to dismiss is deemed withdrawn.

3.     Additionally, the defendants failed to make a motion to allow an extended length brief in the time the rules allow, and that waives the right to make such a motion.  Robinson v. Johnson, 313 F.3d 128, 137 (3d Cir. 2003)(the failure to raise a defense waives it if not asserted at the earliest possible moment).

4.     And this court does not have the authority to relieve the defendants of their waiver of the right to make that motion.  Khan v. Gutsgell, 55 S.W.3d 440, 441 n. 1 (Mo. App. 2001)(a court as an impartial arbiter cannot be an advocate for a party that declines to argue its own issues).

5.     Therefore, plaintiff is entitled to an order striking the motion to dismiss, and entry of default for failing to answer or to move to dismiss in the time federal rules allow.

DATED:     March 9, 2016                    _____
                                            Mel M.   Marin