FILED
HARRISBURG, PA

MAR 1 4 2016

MARIA E. ELKINS, CLERK
Per_____
DEPUTY CLERK

Mel  M.  Marin                    11 Mar 2016
3900 Dawnshire Dr.
Parma OH 44134

Plaintiff
*Pro  Se*

## IN   THE   UNITED   STATES   DISTRICT   COURT

## FOR   THE   MIDDLE   DISTRICT   OF   PENNSYLVANIA

| | | |
|---|---|---|
| MEL   M.  MARIN, | ) | Civil 1:15-cv-1550 |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S   BRIEF** |
| v. | ) | FOR   *SUA  SPONTE* |
| | ) | JURISDICTIONAL   REVIEW |
| THE   SECRETARY   OF   THE | ) | OR |
| COMMONWEALTH   OF | ) | OPPOSITION   TO   DEFENDANTS' |
| PENNSYLVANIA; *et al*, | ) | MOTION   TO   DISMISS |
| | ) | |
| Defendants. | ) | |

Plaintiff has moved to strike the defendants' motion to dismiss.   But if that is allowed, it does not avoid the court doing a *sua sponte* review of subject-matter jurisdiction.   Therefore, plaintiff summarizes each claim to identify subject-matter issues, and he shows he states claims.

Then the plaintiff addresses the arguments of the defendants in the event their motion to dismiss is not stricken.

# TABLE  OF  CONTENTS

I.  ISSUES  FOR  SUBJECT-MATTER  JURISDICTION

FIRST  CAUSE  OF  ACTION  TO  DECLARE  VOID
PRIOR  STATE  PROCEEDINGS 6

SECOND  CAUSE  OF  ACTION AGAINST  STATE STATUTE
25 P.S. § 2913 THAT MANDATES A FIXED 21 DAY  PERIOD
TO  COLLECT  CONGRESSIONAL  NOMINATION  SIGNATURES 7

THIRD  CAUSE  OF  ACTION AGAINST  STATE STATUTE
25 P.S. § 2868 THAT REQUIRES NOMINATORS  PRINT
THEIR OWN ADDRESSES 10

FOURTH  CAUSE  OF  ACTION  AGAINST  THE  STATE
RULE  REQUIRING  A  STATE  RESIDENCE 10

FIFTH  CAUSE  OF  ACTION  AGAINST  THE  STATE
PROCESS  THAT  REMOVED  FEDERAL  RIGHTS
FROM  NOMINATION  TRIALS 11

SIXTH  CAUSE  OF  ACTION  FOR  RETALIATION 11

SEVENTH  CAUSE  OF  ACTION  FOR  WALKING  LISTS 12

EIGHTH  CAUSE  OF  ACTION  FOR  DAMAGES  AGAINST AICHELE 13

NINTH  CAUSE  OF  ACTION  FOR  DAMAGES  AGAINST  CORTES 13

II.  DEFENDANTS'  OBJECTIONS

OBJECTIONS  BASED  ON  FEDERAL  RULES 14

OBJECTIONS  ON ROOKER-FELDMAN  AND  COLLATERAL  ESTOPPEL 19

OBJECTIONS  CLAIMING  11TH AMENDMENT  IMMUNITY 19

OBJECTION  BECAUSE  OF  MOOTNESS 20

OBJECTION  BASED  ON  ABSTENTION 20

OBJECTION  TO  RETALIATION  CLAIMS 23

## TABLE   OF   AUTHORITIES

1st Amendment                                                    23

11th Amendment                                                   19

14th Amendment                                                   13

42 U.S.C. § 1983                                                 13

25 P.S. § 2868                                                   10

25 P.S. § 2913                                                    7

25 P.S. § 2937                                                   10


Abramson v. William Paterson College of New Jersey, 260 F.3d 265,
287-88 (3rd Cir. 2001)                                           23

Albino v. Baca,   697 F.3d 1023, 1035 (9th Cir. 2012)            12

Alexander v. Riga, 208 F.3d 419, 429 (3rd Cir. 2000)             15

Arizona Christian School Tuition Org. v. Winn, 563 US 125, 131 S. Ct. 1436,
179 L. Ed. 2d 523   (2011)                                        8

Arizonans for Official English v. Arizona, 520 US 43, 48-49, 117 S. Ct. 1055,
137 L. Ed. 2d 170 (1997)                                          7

Ashcroft   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 1954,
173 L.Ed.2d 868   (2009)                                         15

Barnier v. Szentmiklosi, 565 F. Supp. 869, 881   (E.D. Mich. 1983)   6

Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 165 (5th Cir. 1999)   16

Board of Trustees of State University of N. Y. v. Fox, 492 U. S. 469, 484-485,
109 S. Ct. 3028, 106 L. Ed. 2d 388   (1989)                        9

Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992)            16

Capogrosso v. The Supreme Court of New Jersey, 588 F. 3d 180, 185 (3rd Cir. 2009)   19

Clingman v. Beaver, 544 U.S. 581, 125 S.Ct. 2029, 2044, 161 L.Ed.2d 920 (2005)   22

Colburn v. Upper Darby Township, 838 F.2d 663, 674 (3d Cir. 1988)                    17

Collins v. Experian Credit Reporting Serv., No. 3:04CV1905, 2004 U.S. Dist.
LEXIS 26345, at * 7 (D. Conn. Aug. 24, 2005)                                         8

Colorado Health Care Ass'n v. Colo. Dep't. Of Social Servs., 598 F.Supp. 1400,
1406 (D. Colo. 1984)                                                                 15

Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry., 257 U.S. 547, 557,
42 S.Ct. 250, 66 L.Ed.2d 364   (1922)                                                22

Cummings v. Bullock, 3:15-CV-2245 (M.D. Pa.   February 10, 2016)                     18

Dalrymple v. Kilishek, 920 A. 2d 1275, 2007 PA Super 83 at ¶15   (2007)              16

Dhalluin v. McKibben, 682 F.Supp. 1096, 1097 (D. Nev. 1988)                          21

Donnelly v. Johns-Manville Sales Corp., 677 F. 2d 339, 343 (3rd Cir. 1982)           18

EEOC v. LB Foster Co., 123 F.3d 746, 754 (3rd Cir. 1997)                             23

Elkadrawy v. Vanguard Group, Inc., 584 F. 3d 169, 173   (3rd Cir. 2009)              19

Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2199-00, 167 L. Ed. 2d 1081 (2007)  16

Favia v. Indiana University of Pennsylvania, 7 F. 3d 332, 337 (3rd Cir. 1993)        7

Fitzgerald v. Codex Corp., 882 F. 2d 586, 589 (1st Cir. 1989)                        15

House v. Fisher, 1:14-CV-01732 (M.D. Pa. February 1, 2016)                           18

Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963 [6] (7th Cir. 1992)       9

In re Johnson, 509 Pa. 347, 502 A.2d 142   (1985)                                    19

In re Stringer, 847 F.2d 549, 551 (9th Cir. 1988)                                    21

In re Teleglobe Communications Corp., 493 F. 3d 345, 377 (3rd Cir. 2007)             14

In re Westinghouse Sec. Litig., 90 F.3d 696, 703-04 (3d Cir. 1996)                   18

Kusper v. Pontikes, 414 U.S. 51, 58-59, 94 S.Ct. 303, 308, 38 L.Ed.2d 260 (1973)     22

Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 584 [1][5](6th Cir. 2005)      20

Lin v. Rohm and Haas Co., 293 F.Supp. 2d 505, 512 n. 2 (E.D. Pa. 2003)               23

Lincoln Ben. Life Co. v. AEI Life LLC, 800 F. 3d 99, 106 (3rd Cir. 2015)             14

Mandel v. Bradley, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977)     9

McClure v. Haste, 1:14-CV-2249 (M.D. Pa. February 19, 2016)     18

McGreevy v. Stroup, 413 F. 3d 359, 367 (3rd Cir. 2005)     17

McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 347, 115 S.Ct. 1511,
131 L.Ed.2d 426 (1955)     23

Norman v. Reed, 502 U.S. 279, 287–88, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992)     20

O'Shea v. Littleton, 414 U. S. 488, 495-496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)     9

Reifer v. Westport Ins. Corp., 751 F. 3d 129 (3rd Cir. 2014)     20

Renne v. Geary, 501 U.S. 312, 111 S. Ct. 2331, 115 L. Ed. 2d 288   (1991)     10

Schaefer v. Townsend, 215 F. 3d 1031, 1036, 1039 (9th Cir.   2000)     10

Suber v. Chrysler Corp., 104 F. 3d 578, 583 (3rd Cir. 1997)     18

Tex. Democratic Party v. Benkiser, 458 F.3d 582, 589 [10](5th Cir. 2006)     11

United States ex rel. Walker v. Gunn, 511 F. 2d 1024, 1025 (9th Cir. 1975)     6

U.S. v. Com. of PA., Dept. of Envir. Resources, 923 F. 2d 1071 (3rd Cir. 1991)     21

U.S. v. One Toshiba Color Television, 213 F. 3d 147, 157 (3rd Cir. 2000)     7

U.S. v. Pelullo, 399 F. 3d 197 (3rd Cir. 2005)     8

USX Corp. v. Barnhardt, 395 F.3d 161 (3rd Cir. 2004)     17

Waiters v. Parsons, 729 F.2d 233, 238 (3rd Cir. 1984)     13

Warth v. Seldin, 422 U.S. 490, 517-518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)     8

Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 21 L.Ed.2d 24 (1968)     23

Xydakis v. Target, Inc., 333 F. Supp. 2d 683, 685 (N.D. Ill. 2004)     8

Yohey v. Collins, 985 F.2d 222, 225 [1](5th Cir. 1993)     12

# I.

## ISSUES FOR *SUA SPONTE* SUBJECT-MATTER JURISDICTION

Mel's action is a "triple-barreled" attack.   He attacks specific state statutes as unconstitutional for denying fundamental federal rights.    And he also attacks in several causes of action (and in Mel's response to the state's abstention argument below) the state's own process to remedy those bad state laws so no one can fairly say the state has a right to review laws "peculiarly within the purview of the Pennsylvania court system which are better decided by that system", because the state's own mechanism of review is constitutionally faulty.   Barnier v. Szentmiklosi, 565 F. Supp. 869, 881 (E.D. Mich. 1983)("The court must carefully examine state remedies and assure itself that they are constitutionally adequate.").   And he attacks the prior state trial as void because Mel's removal of that state action to federal court before the trial started, so that the state did not even go through its own faulty state procedure because it was all void on   removal. Mel also adds damages claims under a retaliation theory and the 1st and 14th Amendments and § 1983.

## FIRST   CAUSE  OF  ACTION  TO  DECLARE  VOID PRIOR  STATE  PROCEEDINGS

Plaintiff alleges the prior state court in his nomination challenge had no jurisdiction to hold a trial or to issue any order, once that case was removed to federal court.   First Amended Complaint ("FAC"), at ¶¶ 43, 46.    These are the simple statements of fact that the defendants did not oppose.

Mel alleges at ¶ 47 that the removal made that state action void, according to United States ex rel. Walker v. Gunn, 511 F. 2d 1024, 1025 (9th Cir. 1975 ) (his removal petition had divested the state court of jurisdiction until a remand was ordered, and that since no remand order had ever been issued the state court proceedings were null and void).     This is unopposed.

Mel also alleges at FAC ¶¶ 11, 54, that even if the state court retained some jurisdiction after removal, its powers were stripped by the state legislature to bar it from reaching the

constitutional issues that Mel asserts now, so issue preclusion doctrines could not prevent these claims here.

So, the theory under which plaintiff moves is that the prior state proceeding was void as without jurisdiction, or was too limited in its powers to compel full faith and credit.

Although no 3rd Circuit court has given this argument the name of a theory, and has not provided a fixed set of elements to allege to state a claim, Federal Rule of Civil Procedure 60(b)(4) provides one: that the prior state court had no jurisdiction to proceed:   U.S. v. One Toshiba Color Television, 213 F. 3d 147, 157 (3rd Cir. 2000)(a void judgment because of its status, is a nullity, so can be attacked anytime without regard to laches).

Because the test in Rule 60(b)(4) applies, plaintiff suggests it should be used.   Favia v. Indiana University of Pennsylvania, 7 F. 3d 332, 337 (3rd Cir. 1993)(we must look beyond the motion's caption to see what it does).

Since the defendants failed to raise any objection to these facts or to this argument which Mel put directly into the complaint, or to the law Mel cited, the defendants waived objections.

The remainder of the First Cause of Action cites remedies other courts have   awarded to candidates for office who were wrongly removed, ignored, or denied.    FAC ¶ 56.

That is an issue of justiciability.    Justiciability may be necessary for subject-matter jurisdiction.    So Mel is forced to list the cases that are precedent.    They are not simple statements.  Arizonans for Official English v. Arizona, 520 US 43, 48-49, 117 S. Ct. 1055, 137 L. Ed. 2d 170 (1997)(essential elements for a justiciable controversy are necessary to reach merits).

## SECOND   CAUSE   OF   ACTION AGAINST   STATE STATUTE
## 25 P.S. § 2913 THAT MANDATES A FIXED 21 DAY   PERIOD
## TO   COLLECT   CONGRESSIONAL   NOMINATION   SIGNATURES

The Second Cause seeks a ruling that a state statute is void.    FAC ¶¶ 55-56.

Against this the defendants only say there was already a state proceeding so Rooker-Feldman bars review here.   They do *not* deny that 25 P.S. § 2913 is unconstitutional in the

ways Mel alleges, and they do not deny that the state court did not have authority to declare § 2913 was unconstitutional.    And they do not deny that the state trial was removed to federal court before the state court issued any order.

Because the defendants failed to argue why the state proceeding should not be void, they waived that argument.    This court cannot now go find the "correct law" for two reasons.

One is that this court cannot raise and rule on arguments the defendants failed to raise. Collins v. Experian Credit Reporting Serv., No. 3:04CV1905, 2004 U.S. Dist. LEXIS 26345, at * 7 (D. Conn. Aug. 24, 2005)(if the court finds information to help a party that a party could assert but did not, he acts as a party's advocate, and not as an impartial adjudicator).

The other is that there is no issue settle since the defendants waived objection.    U.S. v. Pelullo, 399 F. 3d 197 (3rd Cir. 2005)(failure to identify an issue in the first brief waives it).

Because defendants waived the issue, no theory need be identified since it is not contested.

However, if the court requires a theory for the challenge to state law anyway, it may be what Mel alleged at ¶¶ 58.    (Plaintiff says this *may* be the theory because the court may see a different theory that fits better, and is required to allow a claim if Mel could succeed under any theory, per Xydakis v. Target, Inc., 333 F. Supp. 2d 683, 685 (N.D. Ill. 2004) ("the complaint need not provide the correct legal theory to withstand a Rule 12(b)(6) motion.").

These appear to be the elements to state a claim:

**First**, the plaintiff must allege facts that shows he is the proper party.    Warth v. Seldin, 422 U.S. 490, 517-518, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975).   That means he must show the following from Arizona Christian School Tuition Org. v. Winn, 563 US 125, 131 S. Ct. 1436,   179 L. Ed. 2d 523 (2011):

> First, the plaintiff must have suffered an `injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) `actual or imminent, not "conjectural" or "hypothetical."' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be `fairly ... trace[able] to the challenged action of the defendant, and not... th[e] result [of] the independent action of some third party not before the court.' Third, it must be `likely,' as opposed to merely `speculative,' that the injury will be `redressed by a favorable decision.'" . . .

Mel has facts showing all of these elements because, even though the prior state action is void, that void proceeding was still a substantial cause of his removal from the congressional ballot, and the loss today of at least two years of congressional salary, and the same statute forces Mel again in future elections to follow the impossible restrictions of that statute which is again, a substantial cause for Mel registering to run for the present election and not completing the qualification process *again*, and is an imminent threat against the next election in 2018 and the one on 2020 and the one in 2022.

Mel also alleges causation at ¶¶ 69-71.

As for the final element, Mel alleges at FAC ¶ 75 that a ruling by this court like the dicta offered by the Supreme Court in another voting case would allow more days and solve the problem, and that shows the remedy prayed-for would likely end the problem.

**Second**, the plaintiff must show it is a live dispute, meaning there is an "actual or threatened application" of the damaging state law, to be justiciable.   This means ripe, but not moot.   O'Shea v. Littleton, 414 U. S. 488, 495-496, 94 S. Ct. 669, 38 L. Ed. 2d 674 (1974)( "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . if unaccompanied by any continuing, present adverse effects.").   Mel alleges at ¶ ¶ 116, 130, 132 his intent to run again in the future, and he adds at ¶ 130 that he was stopped from running in 2016; so the adverse effects of the wrongs of 2014 continue now.   And if that is not enough of a showing that he intends to run again in the future, this brief makes it clearer.   Hrubec v. National R.R. Passenger Corp., 981 F.2d 962, 963 [6] (7th Cir. 1992)("A plaintiff need not put all of the essential facts in the complaint.   He may add them by affidavit or brief - even a brief on appeal.").

**Third**, the plaintiff must then allege the state provision is unconstitutional.   Board of Trustees of State University of N. Y. v. Fox, 492 U. S. 469, 484-485, 109 S. Ct. 3028, 106 L. Ed. 2d 388   (1989).   Mel makes this challenge at ¶ 75 and provides the factual history at ¶¶ 67-71 showing how the provision crippled Mel's campaign because he was an indigent candidates, just like the process that crippled the Independent Party candidate in Mandel v. Bradley, 432 U.S. 173, 176, 97 S.Ct. 2238, 2240, 53 L.Ed.2d 199 (1977).   That is the showing that the rule is unconstitutional as applied because of the faults at ¶¶ 72, 74, and 76.

The above steps were the steps of analysis to challenge a bad state law, in <u>Renne v. Geary</u>, 501 U.S. 312, 111 S. Ct. 2331, 115 L. Ed. 2d 288   (1991).

### THIRD   CAUSE   OF   ACTION AGAINST   STATE STATUTE
### 25 P.S. § 2868 THAT REQUIRES NOMINATORS   PRINT   THEIR OWN ADDRESSES

The Third Cause seeks a ruling that this state statute is void, based on the theory at   FAC ¶¶ 85-87.

Since this rule was partially responsible for eliminating Mel from candidacy, he suggests the analysis from the challenge to the earlier state statute also applies here and is satisfied here.

### FOURTH   CAUSE   OF   ACTION   AGAINST   THE   STATE
### RULE   REQUIRING   A   STATE   RESIDENCE

The Fourth Cause challenges another state statute 25 P.S. § 2937, that only allows notice of a candidate challenge to be served at his local residence.

This challenge is based on the theory that it is an unconstitutional "end-run" by the state legislature around the United States Constitution which does not require a congressional candidate to have a residence in that state when he runs for office.   <u>Schaefer v. Townsend</u>, 215 F. 3d 1031, 1036, 1039 (9th Cir.   2000).    This is alleged at FAC ¶93.

Mel states claims at ¶ 95 that the *process* the state courts use violates the constitution.

Because FAC ¶ 92 incorporates the standing allegations from prior causes of action, the court may conclude as with the prior challenges, than Mel's candidacy was stopped, in part, because if this state rule as well, since it prevented him from receiving timely notice of the challenge against him and, because he plans to campaign again and does not have a Pennsylvania residence, the problem still threatens.

## FIFTH   CAUSE   OF   ACTION   AGAINST   THE   STATE   PROCESS   THAT   REMOVED   FEDERAL   RIGHTS   FROM   NOMINATION   TRIALS

The Fifth Cause challenges the state process that bars state courts from giving candidates constitutional rights in trials because it is more convenient to the state.   FAC   ¶¶ 105-107.

The theory is at ¶ 107: "these rights are fundamental federal rights in any proceeding which cannot be completely denied, whether it is an administrative one or a trial, according to Gideon v. Wainwright".

Mel states a claim because this unlawful process was the basis for the state's denial of Mel's attempts to defend himself, which caused him to remove to federal court so that he could make the constitutional challenges there as Speaker DeLay did when he removed a similar state trial in Tex. Democratic Party v. Benkiser, 458 F.3d 582, 589 [10](5th Cir. 2006)(Tom DeLay is not ineligible to run for Congress or be a congressman because he moved his residency to another state because the qualifications listed in the Qualifications Clause of the Constitution for Congress "may not be changed or expanded in any way by the states").

That same process, therefore, threatens to cripple Mel in the future because he intends to campaign again if this court protects those fundamental rights.

## SIXTH   CAUSE   OF   ACTION   FOR   RETALIATION

The Sixth Cause alleges the defendants refused to waive candidate filing fees to punish Mel.

Mel moves under three theories.   One is retaliation by the government for his lawful written demand to waive fees, alleged at ¶ 118.   Two is a violation of the equal protection clause for refusing to process the fee waiver, alleged at ¶ 119.   Three is a violation of the due process clause for allowing only a *request* for a fee waiver on the day of filing nomination petitions which prevents the entire candidacy because it is meaningless on the last day since the government can deny it and a law suit started on that day cannot possibly conclude the same day, and which is alleged at ¶ 120.

In part, because the defendants refused to waive that candidate filing fee or even consider it until it is meaningless, Mel does not run for Congress this year.

Mel might not state claims in this cause of action, because the allegations are too short and simple and they omit important elements.   In a retaliation claim, for instance, the plaintiff must prove and a jury must agree, that the retaliation was to deter a person of ordinary firmness from expressing his First Amendment rights.   Albino v. Baca,   697 F.3d 1023, 1035 (9th Cir. 2012).

However, Mel does provide the specific elements *later* in this complaint at ¶¶ 160, 161 for a retaliation claim.   So, if the court finds the omissions go to subject-matter jurisdiction, it can already tell that Mel could add them earlier by amendment and that amendment would not be futile.

But it may not matter if Mel does not state a claim in this cause, because (a) the omissions do not affect subject-matter jurisdiction since those jurisdictional issue were already set-forth for earlier causes of action, (b) the defendants have failed to file a timely answer or motion to dismiss so they have waived that objection, (c) if their motion to dismiss is allowed they argued only at MOTION p. 20 a limited argument and Mel shows below that they are wrong on that.   That means they waived objections to the rest of the cause of action.   Yohey v. Collins, 985 F.2d 222, 225 [1](5th Cir. 1993)(a party abandons an argument by failing to argue reasons with citations to authorities).

## SEVENTH   CAUSE   OF   ACTION   FOR   WALKING   LISTS

The Seventh Cause alleges the government's rule of allowing no-cost walking lists only after nomination is a meaningless ritual, and that the SECRETARY directed subordinates to refuse to provide walking lists to retaliate against Mel for complaining in 2015.

As with the prior claim, this one proceeds under the same three theories of retaliation, and violations of the 14th Amendment, alleged at ¶¶ 126, 128-129.

This claim is also thread-bare and might not state claims.   However,  the subject-matter jurisdiction was shown earlier.   And the defendants failed to oppose this claim except to argue at MOTION p. 20 that Mel's informal complaint to the defendants was not a protected form of speech.

Mel shows below that any informal complaint is protected.   But more importantly, by failing to argue other issues, they waived other issues.

## EIGHTH   CAUSE   OF   ACTION   FOR   DAMAGES   AGAINST   AICHELE

The Eighth Cause alleges the SECRETARY knew the state trial was void, had no immunity, and intentionally removed Mel's name from the ballot to hurt Mel.   It proceeds under the theory of deliberate injury under § 1983.

It states a claim and, even if the defendants' motion to dismiss is still allowed, their motion failed to deny any fact or law in that cause of action.     Instead, they only argued that Mel violates the federal rules by failing to list that defendant in the caption.

But they provided no citation to any authority that agrees with them. And that abandons the argument.   Yohey v. Collins, supra, 985 F.2d 222, 225 [1](5th Cir. 1993)(a party abandons an argument by failing to argue reasons in the body of the brief, with citations to authorities).

On the contrary, failing to put a defendant on the caption who is clearly identified in a separate cause of action, is a minor oversight that does not rise to the level of a violation of anything.   Donald v. Cook County Sheriff's Dept., 95 F. 3d 548, 559   (7th Cir.   1996)("*pro se* complaints are to be liberally construed, and courts may construe them as having named defendants who are mentioned only in the body of the complaint").

## NINTH   CAUSE   OF   ACTION   FOR   DAMAGES   AGAINST   CORTES

The Ninth Cause alleges the defendant intentionally stopped Mel from running *now* to punish Mel for complaining in 2015, based on a retaliation theory.   Waiters v. Parsons, 729 F.2d 233, 238 (3rd Cir. 1984)(filing an informal complaint one year before the formal one could allege the informal complaint was the cause of the retaliation).

This time Mel sets-out the retaliation elements in ¶ 160 and then shows facts to satisfy those elements.

However, if the defendants' motion to dismiss is allowed, they still appear to have waived objection to this claim as well, by not arguing against it.

## II.

## DEFENDANTS' OBJECTIONS

## OBJECTIONS BASED ON FEDERAL RULES

### Rule 8

Section 1983 complaints are attacked for violating Rule 8 if they include too many details, or attacked for not including enough to match *Iqbal* standards.   The defendants object to both at the same time.   Which is it?   <u>In re Teleglobe Communications Corp.</u>, 493 F. 3d 345, 377 (3rd Cir. 2007) ("Judicial estoppel prevents a party from "playing fast and loose with the courts" by adopting conflicting positions in different legal proceedings (or different stages of the same proceeding)").

The defendants argue by express words or implication at MOTION p. 7 that the entire complaint must be limited to "a short and plain statement of the facts".   That is a  misstatement. Rule 8 requires *at least one* short statement, but does not bar more:

> (2) Alternative Statements of a Claim or Defense. A party may set out 2 or
> more statements of a claim or defense alternatively or hypothetically, either
> in a single count or defense or in separate ones.

Rule 8 (d)(2).   <u>See also</u>, <u>Lincoln Ben. Life Co. v. AEI Life LLC</u>, 800 F. 3d 99, 106 (3rd Cir. 2015) ("Beyond stating that the jurisdictional allegations should be "short and plain," the Rule does not specify the level of detail required to adequately plead the "grounds" for federal jurisdiction").

Moreover, this complaint *must* be long for several reasons.

First, plaintiff is required to quote the words of  offending statutes.   They are not concise.

Second, the judge here directed plaintiff to show the theories he is moving under.   That is a practical idea, because it could potentially avoid some of the guessing games involved in finding workable theories to allow constitutional challenges.   But it is not simple to identify the precise theory in constitutional challenges.   Mel has found no case that sets out exactly one list of elements

to challenge all state statutes.   So since there is no specific list of elements a plaintiff must use, it is not generally required for plaintiffs to allege any, as long as the allegations reveal theories not expressly pleaded, like violations of procedural or substantive due process.   Fitzgerald v. Codex Corp., 882 F. 2d 586, 589 (1st Cir. 1989) ("[U]nder Fed. R. Civ. P. 8 it is not necessary that a legal theory be pleaded in the complaint if plaintiff sets forth `sufficient factual allegations to state a claim showing that he is entitled to relief' under some [tenable] legal theory").

So plaintiff makes those allegations naming constitutional amendments.

Third, Mel alleges both fact and law because by putting allegations of law at the out-set as a litigation strategy, plaintiff can establish the law he moves under if the defendants fail to oppose it. This is plaintiff work-product.   He has a right to present the law and his jury instructions now, and he has no duty to shut-up and do only the bare minimum like everyone else does and assert law later by summary judgment or jury instruction.   The strategy worked.   The defendants' failed to oppose Mel's allegations of law and that means they waived objection to them.   Alexander v. Riga, 208 F.3d 419, 429 (3rd Cir. 2000) (failure to challenge the law proposed by an offered   jury instruction waives objection);   Colorado Health Care Ass'n v. Colo. Dep't. Of Social Servs., 598 F.Supp. 1400, 1406 (D. Colo. 1984), affirmed, 842 F.2d 158 (failure to challenge explicit legal arguments of waiver of immunity waives objection).

Fourth, citations to law make complaints longer, but they are expressly permitted as long as they are based on facts.   Ashcroft   v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 1954, 173 L.Ed.2d 868   (2009)("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

For instance, the magistrate questioned whether the federal court has power to void state election   rules and entire elections.   That questions justiciability.   Therefore, Mel is required to cite actual cases in support.   He found dozens. He cited 3 at ¶ 45, and   3 at ¶ 56, and 3 at ¶ 60 and 1 and ¶ 88.

The High Court has also demonstrated that "simple statements" to pass Rule 8 muster are not necessarily the first allegations, and the court may have to disregard many other statements to identify them.   Erickson v. Pardus, 551 U.S. 89, 127 S. Ct. 2197, 2199-00, 167 L. Ed. 2d 1081

(2007).     So, too many allegations do not kill a case, nor do conclusory complaints unless they

have no facts.   Brownlee v. Conine, 957 F.2d 353, 354 (7th Cir. 1992) ("a complaint is `conclusory,'

whatever exactly that overused lawyers' cliche means, does not automatically condemn it").


## Rule 11

At MOTION p. 11 defendant argues Marin violated Rule 11   because he brought an action

barred by Rooker-Feldman, and, therefore, was not in good faith.     Their argument violates Rule

11, because defendants provided no authority to overrule plaintiff's citation at FAC   ¶ 44:

> 44.     This court has the power to issue such a declaration because the bar of
> res judicata or Rooker-Feldman, does not apply when the prior state court
> jurisdiction was lacking . . ..


## Rule 12

Defendants do not argue Rule 12 at MOTION p. 7 in that section under "A" .     They only

list Rule 12 in the title for fun.     That waives any argument based on Rule 12 because it does not

exist.


## Rule 20

This argument is bizarre.     Defendants argue at MOTION pp. 7-9 that plaintiff   violates

Rule 20 by alleging wrongs of people whom are not listed as defendants.

Defendants do not say they represent the persons who are not named as   defendants and

provided no authority to allow them to argue for non-parties.   The least they could do if they make

arguments for the mysterious people is provide their names.     Therefore, that argument was also

waived.   Dalrymple v. Kilishek, 920 A. 2d 1275, 2007 PA Super 83 at ¶15   (2007) ("Failure to

support an argument with pertinent authority results in waiver").

Or, if they did have authority to argue for people they do not name, they still fail.   This is

because the people plaintiff names did constitutional wrongs that these defendants had the duty to

remedy, and under Iqbal standards plaintiff must provide actual names even if he cannot sue

subordinates. Beanal v. Freeport-McMoran, Inc., 197 F.3d 161, 165 (5th Cir. 1999) (complaint is

conclusory if it is devoid of names, dates, locations, times or any facts which would put defendants on notice as to what conduct supports plaintiff's claims).

Also, the conduct of the other persons must be explained to show their conduct was constitutionally wrong, and that it was ratified or directed by these defendants.   McGreevy v. Stroup, 413 F. 3d 359, 367 (3rd Cir. 2005)(" the municipality will be liable if an official with authority has ratified the unconstitutional actions of a subordinate").

For instance, Mel alleges at COMPL. ¶¶ 129, 160, 162, 163 that these other persons listed at MOTION p. 8 were under the direct control of these defendants and were directed to retaliate against Mel or that the defendants were *deliberately indifferent* to Mel's pleas for remedy after he informed these defendants of the unconstitutional wrongs of their subordinates, or deliberate ratification of their bad acts, as Mel suggests at FAC ¶ 157, and they did nothing to remedy it. That makes those names essential facts.   Colburn v. Upper Darby Township, 838 F.2d 663, 674 (3d Cir. 1988)(something less than intentional harm can still state a claim, like gross negligence or recklessness, which make deliberate indifference).

## Rule 41

At MOTION p. 9 defendants then demand dismissal under Rule 41 for all of the claims for Mel's failure to amend the complaint the way the judge ordered previously.   The court may note that the defendants failed to cite words showing which causes of action were clearly dismissed from the prior complaint and could never state claims.     So defendants tell the judge now, what he meant.

However, when causes of action are dismissed, and leave to amen is granted, a party is normally permitted to assert the same claims in clearer form, unless the district court rules that amendment would be futile and bars specific causes.    Mel did not see in the dismissal order a finding that amendment is futile.   USX Corp. v. Barnhardt, 395 F.3d 161 (3rd Cir. 2004)(motion to amend should be granted liberally unless it repeatedly fails to cure previously identified deficiencies or is in bad faith or futile).

Or, if Mel missed the *real intent* of the district judge and tried to clarify when this court

directed him not to clarify, then a Rule 41 dismissal is proper.   Mel simply did not see those words

that the defendants insist are there.   In re Westinghouse Sec. Litig., 90 F.3d 696, 703-04 (3d Cir.

1996) (failure of plaintiff to obey order to not include specific claims in the new complaint that

were in the old complaint is ground for prejudicial dismissal).

Only this district judge can clarify his own order to settle this.   In Westinghouse, supra, for

instance, the court identified specific causes of action that may not be repeated.   But this district

judge did not.

Moreover, the defendants actually admit that the dismissal instruction was to produce a

complaint that "identifies legal theories" and "a new pleading which stands by itself as an adequate

complaint".   Other courts in this district have used a similar phrase to mean "pleading which

stands by itself without reference to the prior complaint".   McClure v. Haste, 1:14-CV-2249

(M.D. Pa. February 19, 2016);   Cummings v. Bullock, 3:15-CV-2245 (M.D. Pa.   February 10,

2016); House v. Fisher, 1:14-CV-01732 (M.D. Pa. February 1, 2016).

Plaintiff did that.   The legal theory of the 1st cause of action is at ¶ ¶ 47, 48 and 55, which

alleges a lack of jurisdiction.   A lack of jurisdiction of the prior court is a legal theory.   Suber v.

Chrysler Corp., 104 F. 3d 578, 583 (3rd Cir. 1997).

The legal theory of the 2nd cause is at ¶ ¶ 58, 60, 63.

The legal theory of the 3rd cause of action is at ¶ ¶ 79 and 90.

The legal theory of the 4th cause is at ¶ ¶ 93, 97 and 98.

The legal theory of the 5th cause is at ¶ 102, 103, and 108, *etc.*

## Multiple Bites At The Apple

Finally, in the defendants' Rule 41 litany, at MOTION p. 11, they argue this complaint was

filed in bad faith because these claims were already raised *twice* , and dismissed twice by this court,

wherein the defendants suggest that the 3rd Circuit is a subordinate part of the district court and its

denial of mandamus after remand is really an order of this court.

But Rule 41 is not the vehicle to challenge a claim that is *res judicata*, as the defendants

argue at MOTION p. 11.   Rule 41 is usually reserved for "contumacious conduct".   Donnelly v.

Johns-Manville Sales Corp., 677 F. 2d 339, 343 (3rd Cir. 1982).

## OBJECTIONS   ON   ROOKER-FELDMAN   AND   COLLATERAL   ESTOPPEL

At MOTION p. 12 the defendants demonstrate that they did not read plaintiff's complaint. This court also knows the arguments of Rooker-Feldman and collateral estoppel.    Plaintiff alleged, however, that these doctrines do not bar the second case where the first court had no jurisdiction, at FAC ¶¶ 43-44, 46   ("Marin removed that state challenge to this court on April 7, 2014"), and ¶ 47 ("The effect of the removal was to extinguish the state court action completely . . . under the rule in United States ex rel. Walker v. Gunn, supra, 511 F. 2d 1024, 1025 (9th Cir. 1975 ) ("his   removal petition had divested the state court of jurisdiction until a remand was ordered)).

Mel also cited a state case that held the legislature did not allow constitutional trial rights in election cases either, at FAC ¶ 105: In re Johnson, 509 Pa. 347, 502 A.2d 142   (1985) (rules of civil procedure are not to be used in nomination challenges because the legislature does not allow it).   The defendants ignored these allegations.   They gave no authority to show these exceptions do not apply here.

At MOTION   p. 15 they admit that the remand was for lack of jurisdiction which is not a merits ruling, and in the same sentence say that "the issue was actually litigated" by the remand order for lack of jurisdiction.   It cannot be both.   Elkadrawy v. Vanguard Group, Inc., 584 F. 3d 169, 173   (3rd Cir. 2009)(a dismissal for lack of jurisdiction is not a ruling on the merits).

## OBJECTIONS   CLAIMING   11TH AMENDMENT   IMMUNITY

At MOTION p. 16 they then argue the defendants are not persons in their official capacity, and the 11th Amendment   bars all the claims including declaratory judgment and injunction.

But declaratory and injunctive relief is an obvious exception, and Mel seeks that at FAC ¶¶ 45, 56, 58, 60, 79, 93, 99, 102, and 114.   In other words, he relies on that exception for most of the complaint.   Capogrosso v. The Supreme Court of New Jersey, 588 F. 3d 180, 185 (3rd Cir. 2009)

(state immunity does not apply when state officers are sued in their individual capacities for prospective injunctive or declaratory relief to remedy ongoing violations of federal law).

Second, damages are not barred when state actors are sued in their personal capacities, which Mel seeks at ¶ 169 based on the defendant's individual capacity for retaliation, which he alleges in the caption and in the title of the cause of action.

## OBJECTION    BECAUSE    OF    MOOTNESS

At MOTION p. 17 defendants say plaintiff has no standing because he seeks a judgment against past wrongs, so the action is moot.

That is the general rule.    It ignores the exception that a wrong that is "capable of repetition yet evading review" Norman v. Reed, 502 U.S. 279, 287–88, 112 S.Ct. 698, 116 L.Ed.2d 711 (1992)(petitioner's failure to qualify in Cook County justifies an injunction, reversing Illinois' refusal to put the petitioner on ballot and freeing him from petition requirements in the next election)[cited in FAC ¶ 45]; Libertarian Party of Ohio v. Blackwell, 462 F.3d 579, 584 [1][5](6th Cir. 2005)("the completion of the election has not mooted the election challenge because it is capable of repetition yet evading review because the court challenge the process 'almost always take more time to resolve than the election cycle permits'")[cited at FAC ¶ 113].

## OBJECTION    BASED    ON    ABSTENTION

At MOTION p. 18 defendants then argue because the controversy is moot, this court should abstain, with defendants citing Reifer v. Westport Ins. Corp., 751 F. 3d 129 (3rd Cir. 2014).

That argument is "thorny", but fails for two reasons.

First, the issue is not moot and the defendants waived objection to proceeding under an exception to mootness by not opposing the exception.    So that basis is gone.

Second, Reifer, supra, was decided at p. 137 on three bases not present here: (a) that federal action did not include damages, (b) it was not really an original action but merely an attempt to use

the federal court to force execution of a judgment already resolved by a state court action, and

(c)   that parallel state proceeding could resolve the same issue "peculiarly within the purview of the Pennsylvania court system which are better decided by that system".

Mel's instant action, however, does include damages.

Also, Mel's does not seek to enforce a state ruling but to hold that the prior state ruling is void, like federal courts do against state proceedings during a bankruptcy stay.    In re Stringer, 847 F.2d 549, 551 (9th Cir. 1988)(any state court proceedings are void after a bankruptcy is filed).

And the state court does not have the power to resolve the constitutional issues raised here. Mel alleges in the complaint that the state legislature denied its own courts the power to reach constitutional issues raised by candidates on election law challenges.   FAC ¶ 11.

The defendants here did not object to this allegation of law at ¶ 11, waiving objection.

And because the Pennsylvania election court is the Commonwealth Court, the state Court of Common Pleas that hears collateral attacks on prior judgments could not entertain a challenge to the prior actions of that elections court because the Commonwealth Court as an elections court is still the appeals court for the Court of Common Pleas, and no Commonwealth Court can sit in review against the orders of another Commonwealth Court because they are at the same level.   Dhalluin v. McKibben, 682 F.Supp. 1096, 1097 (D. Nev. 1988)(it is not within the power of one district judge to review the orders of another district judge).

So these issues Mel raises here cannot ever be decided by any Pennsylvania state court.

This circuit made a similar analysis in another case that was removed from the state court, then remanded, then challenged in federal court like Mel does now, and ruled in favor of Mel's argument, in U.S. v. Com. of PA., Dept. of Envir. Resources, 923 F. 2d 1071 (3rd Cir. 1991).

Therefore, that law is on-point and controlling here.

In Envir. Resources, supra, the federal government removed an action brought by the state against the United States for violation of state law.   The federal district court remanded on the identical grounds that the prior district court remanded Mel's removed case: that the face of the state's pleading in state court did not reveal a federal issue so remand was required.

After the state issued its order against the United States, the U.S. moved for declaratory

judgment against the state order on the basis that the state proceeding did not have the power to reach the issues raised by the United States.   (Just like here.)   The district court abstained.

The circuit reversed, holding that removal was proper in the first case because federal issues had to be reached to decide the state case fairly even though the face of the state complaint did not show the federal issue (the same argument Mel made in his removal), and that the state court was limited in its reach and could not address fully the federal issues the United States tried to raise in the state action.   Envir. Resources, supra, at p. 1076-77.   Therefore, the discretionary abstention under the Declaratory Judgment Act, was in error.

Likewise, it would be error here to abstain and refuse the proceed under the Declaratory Judgment Act, because the state court did not have the power to reach these federal constitutional issues against the state election laws, and the state legislature prevents them from ever doing so. This was state corruption on a very clever scale.   Clingman v. Beaver, 544 U.S. 581, 125 S.Ct. 2029, 2044, 161 L.Ed.2d 920 (2005) (O'Conner, J., concurring)("the State may not be a 'wholly independent or neutral arbiter' as it is controlled by the political parties in power, 'which presumably have an incentive to shape the rules of the electoral game to their own benefit'.")[cited at FAC ¶ 66]; Kusper v. Pontikes, 414 U.S. 51, 58-59, 94 S.Ct. 303, 308, 38 L.Ed.2d 260 (1973) ("even when pursuing a legitimate interest, a State may not choose means that unnecessarily restrict constitutionally protected liberty").

And removal is not a "state issue" that is "peculiarly within the purview of the Pennsylvania court system which are better decided by that system" as Reifer, supra held to justify abstention to let the state court decide it.   Instead, removal is a federal issue and the High Court has held the state court's decision on the right to remove is irrelevant.   Comm'rs of Rd. Improvement Dist. No. 2 v. St. Louis Sw. Ry., 257 U.S. 547, 557, 42 S.Ct. 250, 66 L.Ed.2d 364 (1922)(the federal court, not state court, determines the exceptions to removal).

## OBJECTION   TO   RETALIATION   CLAIMS

Finally, in the last argument, at MOTION p. 20 defendants say plaintiff does not state a claim because his informal complaint that he was not allowed to collect voters lists which prevents him from running for Congress was not a protected form of speech because it involved his "personal grievances with local election officials", so the defendants' retaliation for his complaining is not actionable.

The defendants thereby prove they have the ability to read the complaint because they cite exact words from it.    That means they read the earlier parts and deliberately failed to oppose Mel's allegations of fact and law that Mel addresses above.

The defendants do actually not deny that Mel's complaint against subordinates for refusing to provide voter lists is protected 1st Amendment speech.    However, they suggest there was something wrong with it by calling it a mere "unidentified complaint" at MOTION p. 20 ln. 14, which they themselves identified at line 13.

But no matter what it was called, it was still protected speech, even if it is not a complaint at all. EEOC v. LB Foster Co., 123 F.3d 746, 754 (3rd Cir. 1997) (merely informing the defendant of the intent to file a formal complaint is a protected activity that may base a retaliation claim if the plaintiff is punished for it); Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 287-88 (3rd Cir. 2001)(a formal complaint is not the only protected activity); Lin v. Rohm and Haas Co., 293 F.Supp. 2d 505, 512 n. 2 (E.D.Pa. 2003)(any informal complaint can be a protected activity as long as the plaintiff had a good faith belief that he was protesting unlawful conduct).

But the core of defendants' argument says that a denial of the right to collect nomination signatures is not the denial of important speech because they say at MOTION p. 20, that "there is no potential interference with a meaningful dialogue of ideas".

The U.S. Supreme Court disagrees.   McIntyre v. Ohio Elections Comm'n, 514 U.S. 334, 347, 115 S.Ct. 1511, 131 L.Ed.2d 426 (1955)(the communication of petitioners to voters is the most highly protected speech and can be restricted only by means "narrowly tailored to serve and overriding state interest"), and Williams v. Rhodes, 393 U.S. 23, 30, 89 S.Ct. 5, 21 L.Ed.2d 24

23

(1968)("the state laws place burdens on two different, although overlapping, kinds of rights—the right of individuals to associate for the advancement of political beliefs and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively." ).

As a last-ditch cut, the defendants also argue at MOTION p. 20 at the last line that the complaint "is devoid of any facts establishing a causal connection."    That is deliberately false and, therefore, also violates Rule 11.

Mel alleges that the retaliatory refusal of CORTES to process Mel's fee waiver request came "immediately after Mel complained" that the Crawford County elections director refused to give him a voter list, and that is was "a reaction to Mel's complaint".   FAC ¶ 163.

That is a fact allegation that the retaliation moved from the complaint.   Waiters v. Parsons, supra,   729 F.2d 233, 238 (3rd Cir. 1984)(filing an informal complaint one year before the formal one could allege the informal complaint was the cause of the retaliation).

So, the fact allegation the defendants say is not there, is there.    They cited other words from that cause of action so they read it.    They simply misstate deliberately.

This opposition only addresses arguments made by the defendants.    It does not address arguments the defendants did not make, since objections to those were waived, like the reference to a deliberate indifference claim at FAC ¶ 157.


DATED:   March 11, 2016                    _Mel M. Mc__


## CERTIFICATE   OF   SERVICE


On the date below plaintiff mailed this OPPOSITION to the following by 1st Class US Mail:

Nicole J. Radziewicz, Deputy Att. General, Strawberry Square 15th Floor, Harrisburg, PA    17120.


DATED:   March 11, 2016                    _Mel M. Mc__
                                                                    Mel M.   Marin

24

# P

**US POSTAGE PAID**

## $6.45

gin: 44129
stination: 17101
0 oz.
r 12, 16
6830291-17                    1004

---

## PRIORITY MAIL® 2-DAY

xpected Delivery Day: 03/14/16

---

### USPS TRACKING NUMBER



9505 5110 8955 6072 4326 96

---

FLAT RATE ENVELOPE
ONE RATE ★ ANY WEIGHT*

---

FLAT RATE
POSTAGE REQUIRED

FROM:

M Marin
3900 Dawnshire Dr.
Parma OH 44134

TO:

U S District Court # 1060
228 Walnut St.
Harrisburg Pa 17101

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



P S 0 0 0 0 1 0 0 0 0 1 4

EP14F Apr 2015
OD: 12 1/2 x 9 1/2

**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE



**UNITED STATES POSTAL SERVICE.**