Mel M. Marin                30 April 2016
3900 Dawnshire Dr.
Parma, OH 44134

Plaintiff
*Pro Se*

## IN   THE   UNITED   STATES   DISTRICT   COURT

## FOR   THE   MIDDLE   DISTRICT   OF   PENNSYLVANIA

| | | |
|---|---|---|
| MEL   M.   MARIN, | ) | Civil 1:15-cv-1550 |
| | ) | |
| Plaintiff, | ) | **PLAINTIFF'S   NOTICE   OF** |
| | ) | **AND   OBJECTION   TO** |
| v. | ) | **RECOMMENDATION   OF** |
| | ) | **MAGISTRATE   OF   APRIL 19** |
| THE   SECRETARY   OF   THE | ) | |
| COMMONWEALTH   OF | ) | |
| PENNSYLVANIA; *et al,* | ) | |
| | ) | |
| Defendants. | ) | |

FILED
HARRISBURG, PA

MAY 0 3 2016

Plaintiff objects for the following reasons:

**I.**

## THE   MAGISTRATE'S   RULE   8   ARGUMENT   FOR   DISMISSAL

On Rule 8 the magistrate repeated the same argument as he made the first time.

Here is his entire argument in one sentence: "The amended complaint, which totals 38 pages and is 170 paragraphs in length, hardly contains a short and plain statement of the claim".   REC., p. 13.   *This means a complaint that has unnecessary allegations destroys the entire complaint.*

But length is not the law.   Crim v. Lumbermens Mut. Casualty Co., 26 F.Supp. 715 (D.C. D.C. 1939)(the plaintiff may state his case "as extensively as he wishes").

He also found that other "factual averments" that are not "short and plain" like "Marin's idiosyncratic views on the law and various polemics" which he says requires the entire complaint to be dismissed.   REC., p. 13.

But the circuit has said in some cases something more than "short and plain" is necessary. Phillips v. County of Allegheny, 515 F. 3d 224, 232 (3rd Cir. 2008)("Fair notice under Rule 8(a)(2) depends on the type of case — some complaints will require at least some factual allegations" to make out a "showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.").

This includes actions against government actors for which qualified immunity could be asserted, as here, and which requires a detailed factual description of circumstances to show a jury the events around the violations, that would put any government actor on notice that his conduct was outside of established law.   A judge can take short and plain.   A jury needs the story.   This cannot be done in traditional pleading with "short and plain statements" under Rule 8.   Thomas v. Independence Tp., 463 F. 3d 285, 299 (3rd Cir. 2006)("We recognize that there is an inherent tension between federal qualified immunity jurisprudence and the concept of notice pleading.").

## The Magistrate's Argument Is First Impression Here

First, this argument fails because it is a new and extremist version of Rule 8, since every complaint includes unnecessary allegations.

The Supreme Court ruled recently that legal arguments are not necessary in a complaint, but may be included if the complaint *also* includes the necessary fact allegations that are the bases for the legal ones.   Ashcroft  v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950, 1954, 173 L.Ed.2d 868  (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").   That means a complaint is not defective because it has more than required.

Thus, Marin's "idiosyncratic views on the law and various polemics" are legal conclusions which include actual citations to support them and are the "framework of a complaint" that the United States Supreme Court expressly permits, but that this magistrate does not permit.

## The Magistrate's Attack Is Purely Conclusory

Second, the magistrate's Rule 8 attack was entirely conclusory, so it fails for that reason alone.   Conclusory means void of specific fact examples.   Maldonado v. Ramirez, 757 F. 2d 48, 51 (3rd Cir. 1985)(""essentially conclusory' and lacking in specific facts is inadequate").

The magistrate's argument mirrored the defendants'.   The government could not find a single example of that is not necessary or not part of a wider legal "framework".   Neither could the magistrate.   But examples are necessary.   Montrose Medical Group v. Bulgar, 243 F. 3d 773, 789 (3rd Cir. 2001)("conclusory allegations unsupported by explanation or facts in the record do not suffice to meet a movant's burden of persuasion").

This circuit provided a recent example of an attack on a complaint that is not conclusory by citing specific words in the complaint in Collura v. City of Philadelphia, Court of Appeals, 14-1062 (3rd Cir. Oct, 27, 2014), at C (1.), n. 7 ("he referred to certain Defendants as "creeps," "scumbags," and "slop").

An old court dismissed for failing Rule 8, but first described exactly what was missing so an amendment could be meaningful; which this magistrate did not do the first time, nor now. Catanzaritti v. Bianco, 25 F. Supp. 457 (M.D. Pa. 1938)(the plaintiff may "may set forth two or more statements of a claim alternately or hypothetically and may state as many separate claims as he has regardless of consistency and whether based on legal or on equitable grounds or on both" but if he does so he must separate them, so the complaint is dismissed to allow that).

Nowhere does the government or the magistrate describe any words or allegations that are bad, nor what he thinks is an "idiosyncratic view" that is not a legal conclusion and could not possibly constitute the "framework of a complaint" that the United States Supreme Court permits or extra allegations in an unusual case to give the defendants a fair warning that this circuit requires for cases against government actors that could have an immunity.

## The Magistrate Missed Clear Statements

Third, the magistrate suggested the amendment that shortened the complaint made it *worse*. He suggested at p. 13 that there is not a single allegation in the complaint that makes sense: "Thus, we are left . . . having to guess what of the many things discussed constitutes a cause of action".

Because the magistrate refused to provide any examples of the bad drafting, it is impossible to repeat here every allegation and try to explain it.   It would take 600 pages.    So plaintiff will only offer a few examples that show everything was not senseless, and leave it to the district judge and, therefore, the circuit.   For that circuit record, therefore, the second complaint paragraph says this:

> 2.   Venue is proper here because the first defendant is the SECRETARY of the state and actions against the SECRETARY and state statutes are properly commenced here.

The magistrate said that makes no sense, although this district court has thousands of complaints in the clerk's office with the same paragraph and no judges found it senseless.

For instance, the Magistrate at REC. p. 11 said all of it is "illegible of incomprehensible", but the following allegation clearly and plainly describes the purpose of the first cause of action:

> 43.    In this claim plaintiff seeks a judgment declaring void a state court proceeding and judgment of April 10 and 14, 2014 that ordered the plaintiff's name off of the congressional ballot in Pennsylvania, on the grounds of lack of jurisdiction of the state court at the time of judgment.

He also said at REC. p. 12 that plaintiff failed to identify which parties he is suing, so he had the ability to be specific if he wanted to be.   The caption gives the names of the parties.

The game of granting a motion to dismiss and allowing amendment as this court did months ago, but refusing to say what has to be amended, has been held to violate due process.   The court has a duty to identify the bad allegations.

## The Magistrate Ignored The Prayers For Relief

As another example, the magistrate said at REC., p. 13 that there is no "coherent prayer for

relief" . But COMPL. ¶43 says it seeks declaratory judgment finding a state judgment void.   Those

words are there: "seeks a judgment declaring void a state court proceeding and judgment".   So the

magistrate missed it.

This circuit "picked out" similar words and found them to be "a clear prayer for relief"

in Travelers Ins. Co. v. Obusek, 72 F. 3d 1148, 1156 (3rd Cir. 1995).   In that case the circuit found 17

words that made sense among a "run-on" of 46 words, and they were held to be a clear prayer for

relief".  Here they are:"TRAVELERS is to provide LISA with all the products, services and

accommodations required for LISA's maximum rehabilitation"   amid 20 extra unnecessary words.

So the presence of a majority of unnecessary words in "stream of consciousness" does not kill

the entire case if a minority of words make sense.   That is why the magistrate's conclusion was

extreme and first impression.

If plaintiff's ¶43 was not enough to constitute a prayer for relief, here is another one in the

same cause of action:

> 45.  Plaintiff also seeks an injunction to remedy a constitutional loss under the
> 1st and 14th Amendments and therefore, under the Civil Rights Act as well, by
> barring the state from requiring plaintiff to collect new nomination signatures
> all over again in 2016, or ordering a new congressional race for 2014.

And if that is not enough, Marin repeats it again at the end of the cause of action, which is

where it is commonly found, in the correct format that begins with WHEREFORE:

> 56.  WHEREFORE, Mel is entitled to a declaratory judgment finding those
> elections void and directing the state ELECTIONS SECRETARY to declare
> the 2014 congressional elections void and to order a special election, or a
> prospective injunction directing the SECRETARY to certify Marin at once
> as a candidate for the 2016 congressional Democratic primary without being
> forced to collect new nominator names by petition as he did in 2014 . . . .

## The Magistrate Tries Improperly To Change The  Law

Similarly, the magistrate also tries to change the rules of standing.

The magistrate concludes at REC. p. 13 that plaintiff demands relief that is not "within the

power of the defendant to provide".   That is a first impression rule, to bar victims from coming to

court unless the *defendant* has the power to grant the remedy.

Until now, the rule has been that victims have standing to come here if the *court* has the power to grant the remedy sought.   Lasky v. Continental Products Corp., 804 F. 2d 250, 256 (3rd Cir. 1986) (the issue is whether the court has the power to grant relief); In Re Diet Drugs Prods Liability Litigation, 369 F. 3d 293, 307 (3rd Cir. 2004)(same).

That is the doctrine of justiciability.   It has been the bedrock of constitutional law and hornbook law for 200 years, and the magistrate wants to change it in this case.

That makes three times the plaintiff made the same prayer.   How can the magistrate miss it?


## The Rule 8 Test Is Prejudice, Not   Length

Thus, case authority shows that if essential allegations are present among unnecessary ones, the court must look to those essential ones that make sense:

> It does not matter if there are 200 unnecessary allegations if the key ones are present.
> [T]hough Summit's amended complaint is hardly simple, concise and direct,
> Summit's overlapping and duplicative allegations of breach of contract,
> intentional interference with a contractual relation, and quantum meruit for
> extra work were sufficiently clear and understandable that Kiewit was not
> prejudiced thereby. The number and variety of issues alone made for extensive
> pleadings in this case. Understandably, duplications of factual allegations
> ofttimes are necessary to place a series of claims in proper context.

Peter Kiewit Sons' Co. v. Summit Construction Co., 422 F. 2d 242, 271 (8th Cir. 1969).

See also, Wolfson v. Lewis, 168 F.R.D. 530, 533 (ED Pa. 1996)(plaintiff's complaint after amendment is 108 pages for invasion of privacy alone is far more than required under Rule 8, but it is shorter than the original and defendant will suffer no prejudice not understanding what is alleged).


## The Government And Defendants Apply The Wrong Law

Plaintiff obviously admits above that his allegations are repetitive.

The proper action to attack them would have been a motion to strike matter that is redundant under Fed. R. Civ. Proc. 12(f).   But the defendants did not make that motion and, therefore, waived

the right to make it.

The defendants did not make that motion because they do not want to identify specific allegations.   That is the lazy man's jurisprudence to use the wrong rule to avoid work.   But this plaintiff will not waive the objection to their using the wrong rule.


## II.

## COLLATERAL   ESTOPPEL   AND   ROOKER-FELDMAN


Next the magistrate argues at REC. pp. 14-17, that Marin is barred from coming here because his issues were litigated in the state court during his nomination trial, and the same issues were ruled on against Marin in the remand order from federal court.   This repeats his objection of months ago.


### The Magistrate's Second Battery Of Findings Undermines His First Ones

This second argument of the magistrate undermined his first argument.   In his first battery of findings he concluded that nothing Marin alleged made sense.

Now he repeats Marin's allegations that the state trial was void, so he can attack Marin's allegations.   He understands perfectly well what Marin alleges because he repeats it:

> On this score we note that the entire premise of Marin's complaint is that the Commonwealth acted improperly when addressing his 2014 election complaints because he had endeavored to remove this election dispute to federal court.

MAGISTRATE'S REC., p. 14.

So, if Marin's allegations that were all mud, how could they became so suddenly clear so the magistrate knows exactly what Marin challenges?   If the magistrate can make it out, so can the defendant.   So the government is not prejudiced.   They can see it too.

## The Magistrate Missed The Point Against Marin's Allegations On Jurisdiction

But while the magistrate recognized the constitutional allegations, he did not rule on-point. Marin's allegations in the amended complaint are that the state court had no power to address Marin's constitutional challenges to the state nomination process in two ways.    The magistrate missed the law to be applied to both of them.    So he erred prejudicially.

The first way the state had no power was by Marin removing the state court nomination trial to the federal court.   Marin alleges because he removed to federal court before the state trial, the state court had no jurisdiction to rule on anything so the order to remove Marin from the ballot was void:

47.   The effect of the removal was to extinguish the state court action completely . . ..
48.   It also made the subsequent state trial and judgment on April 10 void . . .
               *    *    *
55.   Therefore, the removal of Mel's name from the ballot in 2014 following the void state trial was improper and violated the 1st and 14th Amendments to the Constitution of the United States and the Civil Rights Act, and that made post-April 7 2014 congressional primary and general elections void without Mel on the ballot.

How can these 6 lines that describe the cause of action, be nonsense?

This court may not like that finding because it ruins elections.   But that is still the law.   And this circuit, and others, have ruled that a district court may repair this damage even if it interferes with an election.  Council of Alternative Political Parties v. Hooks, 121 F.3d 876, 883 n. 7 (3rd Cir. 1997)(the harm to the plaintiffs by refusing to put their names on the ballot just before the election is greater than the "confusion and disarray" to the state's political process already underway); Republican Party of North Carolina v. Hunt, 94-1057, 1113, 27 F.3d 563 [table], 1994 WL 265955 (4th Cir. June 17, 1994)(preliminary injunction granted to require the state to move the deadline for superior court judicial candidates to be placed on the ballot, even though the federal court could stop the General Election entirely and order a Special Election after a full trial, because waiting for a full trial with "deliberate investigation" before ruling would still "disenfranchise for yet another year" the judges).

These allegations were divided by citations to case authority that supports them, as allowed by

Ashcroft  v. Iqbal, supra, 129 S.Ct. 1937, 1950, 1954 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations").

Those three allegations could not be any shorter or plain.   The magistrate clearly saw this argument, because he responded to it.   So those allegations could not be unintelligible or else the magistrate would not have responded.     So defendants could not be prejudiced either.

Against this challenge, the magistrate only held at REC. p. 17, n. 3, that courts in Texas and California have not allowed removal of nomination challenges.    That may be.    But Marin did not ask this court to rule like a circuit court on whether the remand order was correct or not.

Instead, Marin asked this court to rule in the prayer that during the time of removal to federal court, the state court had no jurisdiction, until remand.   United States ex rel. Walker v. Gunn, 511 F. 2d 1024, 1025 (9th Cir. 1975)("his removal petition had divested the state court of jurisdiction until a remand was ordered, and that since no remand order had ever been issued the state court proceedings were null and void"); Budget Blinds, Inc. v. White, 536 F. 3d 244 n. 19 (3rd Cir. 2008)(a void judgment from lack of jurisdiction is subject to collateral attack in a different court).

(The magistrate also failed to see other cases that sided with Marin, that a nomination challenge *is* properly removed to federal court that Marin.   Tex. Democratic Party  v.  Benkiser, 459 F.3d 582, 589 [10](5th Cir. 2006) (following removal to federal court on the basis of a state residency rule that conflicts with the U.S. Constitution and giving the court federal question jurisdiction, Tom DeLay is not ineligible to be a congressman because he is not a resident of the state).   And the circuit did not have the chance to decide what circuit it will join on this issue because it refused the mandamus action to re-open the prior remand order, without reaching merits.)

So the magistrate recognized the issue and then failed to rule on it, and plaintiff objects to that side-stepping recommendation.   Plaintiff suggests the magistrate failed to reach it because he decided for dismissal in advance, and he slanted his entire recommendation to avoid agreeing with Marin on anything, to execute that pre-determined outcome.

This is because the case authority in all circuits sides with Marin's position, that a removal destroys the jurisdiction of the state court.   Since the state court had no jurisdiction to continue their nomination trial, the resulting order issued during removal to take Marin off the ballot, was also void. Kalb v. Feuerstein, 308 U.S. 433, 438, 60 S.Ct. 343, 346, 84   L.Ed.2d 370 (1940)(court judgment issued over which it had no authority "was beyond its power, void, and subject to collateral attack").

The second way the state court had no power to reach Marin's constitutional challenges, was that the state court was intentionally denied the jurisdiction to address constitutional challenges of candidates by the Pennsylvania legislature, so the state court was not allowed give Marin a full and fair chance to litigate:

> 54.   Moreover, even if the state court could be found now to have had some jurisdiction or if the removal to federal court could be found now to have *not* ended that state court's power to act, the proceedings and rulings of that court *still could not* be given full faith and credit to apply a Rooker-Feldman bar, because constitutional procedural safeguards were disregarded by that state court and   fundamental federal trial rights were eliminated by the state legislature and that destroyed the validity of that proceeding, under the rule in   Texaco Inc. v. Pennzoil Co., 784 F.2d 1133, 1144 (2d Cir. 1986) (*res-judicat*a does not apply where Texaco did not have a "fair opportunity to seek and obtain a timely resolution" in the state court).

The magistrate did not address this allegation at all.    Instead, at REC. p. 17 the magistrate cited the rules for issue preclusion, and found preclusion solely because he said at REC. p. 15, the state litigation concluded all the way to the state supreme court.    But it does not matter if it concluded all the way to the moon.   If it had no power to reach these constitutional issues, the rocket ship was a dud.

In other words, he *presumed* that "the issue sought to be precluded is the same as that involved in the prior action" (at REC. p. 17), but that was clearly erroneous.   He did not cite to any part of the state trial transcript that shows the constitutional issues here were allowed there.    That may be because he does not have the state trial transcript, and this is not summary judgment.

This proceeding is simply too early for summary judgment.   So the magistrate's presumption that all plaintiff's facts must be assumed to be false, was premature.    Celotex Corp. v. Catrett, 477

U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265, 276 (1986)(Rule 56 before allowing discovery is clear

error).

At this stage, the court is *required* to accept plaintiff's facts as true.   The magistrate did not.

Storino v. Borough of Point Pleasant Beach, 322 F. 3d 293, 296 (3rd Cir. 2003)(plaintiff's version of

facts, not defendants', should have been taken as true for Rule 12 motion); Allen v. McCurry, 449

U.S. 90, 91, 101 S. Ct. 411, 66 L. Ed. 2d 308 (1980)(former state plaintiff can come to federal court if

he alleges "the state courts had denied him a 'full and fair opportunity' to litigate").

Plaintiff alleged the state court was barred from reaching constitutional challenges.   So the

magistrate erred by refusing to accept Marin's allegation as true that the state legislature bars all

candidates from making constitutional challenges:

> 59.   This claim was not permitted to be raised in the prior related state election
> trial because the state legislature only allowed nomination challenge courts to
> address claims asserted by   challengers against candidates, and do not allow
> challenges to state rules or procedures, and not counterclaims by candidates,
> making the prior state action irrelevant even if it were otherwise valid,
> according to Post v. Hartford Ins. Co., 501 F. 3d 154, 169 (3rd Cir. 2007)(res
> judicata does not bar claims that could not have been brought in the prior action).

Had the magistrate followed that federal rule to accept plaintiff's version of facts as true, he

could not have presumed as he did that the state trial was full and fair.

It is the same rule for Rooker-Feldman: denial of a full and fair state trial eliminates that bar.

Guarino v. Larsen, 11 F. 3d 1151, 1162 n. 8 (3rd Cir. 1993)("Rooker-Feldman, like claim preclusion

to which it has a near resemblance, only applies when litigants have had a "full and fair opportunity to

litigate their ... claim in state court.")

And one final correction may be necessary.   The magistrate also cited the remand order by

this district court as another example that the issues in this case were already reached and ruled-on by

this district court.   But that is a serious and fundamental error by a federal judge.   The law is that a

remand order never reaches merits because the federal court finds it has no jurisdiction to do so

because the complaint did not have a federal claim on its face.   A remand order can never prejudice a

case.   Elkadrawy v. Vanguard Group, Inc., 584 F. 3d 169, 173 (3rd Cir. 2009)(a dismissal for lack of jurisdiction is not a ruling on the merits).     Why then, did this magistrate ridicule the plaintiff?

## III.

## PLAINTIFF  SUING  STATE  AGENCIES   FOR   DAMAGES

The magistrate rules a damages action may not be asserted against a state agency in the event plaintiff argues that.   Plaintiff does not dispute this and abandons any allegations that suggest it.

## IV.

## PROPRIETY  OF  DECLARATORY  JUDGMENT

At REC. p. 24 the magistrate said while this court may issue a declaratory judgment here, it should not, mainly because "other remedies exist under state law to address any of Marin's election campaign questions or concerns".

Plaintiff objects to this conclusion because it moves again from the magistrate's rule that the court must deny all of plaintiff's allegations of fact in the first dispositive motion and accept all of the defendant's defenses as true.   That is opposite to correct law.   Storino v. Borough of Point Pleasant Beach, supra, 322 F. 3d 293, 296 (3rd Cir. 2003)(plaintiff's version of facts, not defendants', should have been taken as true for Rule 12 motion).

Plaintiff alleged at ¶¶ 11, 83 and 105, that the state courts do not have the authority to reach and address constitutional challenges to their elections laws, because the legislature prevented it.

Plaintiff also provided a case citation at ¶ 105 for a similar finding issued by a state judge. In re Johnson, 509 Pa. 347, 502 A.2d 142 (1985) (state rules of civil procedure are not to be used in nomination challenges because the legislature does not allow it).

The magistrate had a duty to accept that fact and start his recommendation from there.

The magistrate also concluded at REC. p. 24 that since Marin does not live in Pennsylvania he has no right to challenges its election laws for U.S. Congress.   This is also new law that the magistrate supported with no authority.

At best, it is a suggestion of mootness, which when more fully developed would be that Marin cannot continue here to run for Congress in the future because he must be a Pennsylvania resident to do so.   That is also clearly erroneous.   <u>Morrill v. Weaver</u>, 224 F.Supp.2d   882 (E.D.Pa. 2002) (Pa. residency rule for congressional candidates is unconstitutional);   <u>Schaefer v. Townsend</u>, 215 F. 3d at 1036, 1039 (9th Cir.   2000) ("The Framers discussed and explicitly rejected any requirement of in-state residency before the election. The Records of the Federal Convention show that the Framers intended to preclude any further requirement of residency prior to the date of election.").

So the magistrate erred and this part of his recommendation cannot be taken seriously either.

## V.

## NEW    MOOTNESS   ISSUE

However, the prior issue prompts plaintiff to raise a similar mootness issue at once, because mootness must be considered at all stages, even partial mootness.   <u>Friends Of The Earth, Inc. v. Bergland</u>, 576 F.2d 1377, 1379 [2](9th Cir. 1978)(denial of jurisdiction because of mootness on some issues does not defeat appellate jurisdiction as to some issues before mootness developed).

Plaintiff sought a ruling last year to certify him as a candidate in 2016 immediate, so he could make a meaningful run.   Because this court delayed this consideration this long, it is now too late to run in this election because the state primary is over.   But this court's mooting of an issue by a pocket-veto of delay does not end his right to continue the remedy for as many elections as it takes.

Therefore, he *still* seeks a ruling that the 2014 primary is void and he moves to amend the

complaint to affect the 2016, 2018, 2020, and 2022 elections, or however long it takes for this court

to act and for the circuit to review this dismissal which the magistrate has demonstrated is

unavoidable even though plaintiff's claims are quite clear.   In other words, Marin does not drop his

demand for a ruling that the congressional primaries from 2014 and thereafter are void without him.

Belitskus v. Pizzingrill, 343 F.3d 632, 642, 644, 648 (3d Cir. 2003)(election issue is not moot because

it reaches the courts when the election is over because it is "capable of repetition yet evading

review").   If the court finds it is plain audacity to upset years of elections, the order should say so.

The nation needs to know that judges allow wide denials of due process because it is a bother.


## VI.

## DAMAGES   CLAIMS   AGAINST   OFFICIALS   IN   THEIR   PERSONAL CAPACITY


The magistrate also recommended dismissal of damages because they are too hard to prove.

But all *pro se* complaints are hard to prove.   Plaintiff has a right to try.


### This Objection Undermines The First Objection

The magistrate has demonstrated in this section as well that he is able to fully comprehend

plaintiff's allegations and causes of action despite the fact that they are all unintelligible.

For instance, he recites Marin's First Amendment allegation based on retaliation clearly,

and he admits he had to "cobble-together" the parts of it.   If he "cobbles-together" the full claim,

which is under the full title, **EIGHTH   CLAIM   FOR   DAMAGES FOR   VIOLATION

OF   THE   CIVIL   RIGHTS   ACT   AGAINST   COMMONWEALTH   SECRETARY

CAROL   AICHELE,** then so can the government.

At REC. p. 28 the magistrate is also able to zero-in on what he sees as the weakest part of that

claim in any court, which is assigning causation on the basis of a retaliatory delay that five district

courts have refused to allow.    So he can tell not only what the claim is under the large capital letters,

but also what the gaps are.    If he can do this, so can the defendants.    They are not prejudiced by a

violation of Rule 8.


## The Elements For The Retaliation Claims Are Present

Plaintiff sets-forth the elements for this claim clearly:

160.   A jury may award damages for a victim of retaliation if he alleges and proves
the following:   (1) that the activity in question is protected by the First Amendment,
and (2) that the protected activity was a substantial factor in the alleged retaliatory
action.  See, e.g., Phyllis Hill v. City of Scranton, 411 F.3d 118, 125 (3d Cir.2005).
The first factor is a question of law; the second factor is a question of fact for a jury
according to Curinga v. City of Clairton, 357 F.3d 305, 310 (3d Cir.2004).

161.   He must also allege at some point that (c) the official's conduct was intended
to discourage a person of ordinary firmness from engaging in similar protected acts
according to Albino v. Baca,  697 F.3d 1023, 1035 (9th Cir. 2012)(the test of "ordinary
firmness" is an objective one so it does not matter that the victim was not actually a
person of ordinary firmness).


Plaintiff then provides the allegations of fact to meet each of these elements.    And plaintiff

must provide this list that would be unnecessary elsewhere, because it shows a jury that the

defendants knew or should have known they were violating established law.    He must cite that

established law with statutes or cases, to show a jury what the established law is to avoid immunity.


## The Magistrate Mistakenly Used *Stare Decisis* To Base Dismissal On Dissimilar Cases

The magistrate's sole objection to the retaliation claims is that causation elements have been

frequently hard to establish in these cases and, therefore, this case should be dismissed because other

cases were dismissed, even though the magistrate fails to say how this case is like the others.

The magistrate "cobbles-together" two different types of cases to support this demand for

dismissal: circuit cases, and district cases.

The circuit cases cited at REC. p. 26 are positive.    They allow these cases were the plaintiffs

allege *either* (a) temporal proximity of the protected speech followed by the punishment, *or* (b) allegation of antagonism with time that suggests cause, *or* (c) "evidence gleaned from the record as a whole", based most recently on Lauren W. ex. rel. Jean W. v. DeFlammis, 480 F.3d 259, 267 (3rd Cir. 2007).   (This citation taken from Magistrate's REC., at p. 26.)

The district cases cited at REC. p. 28, however, are negative.   They uniformly refuse to accept a temporal proof of causation at all, including one that refused to accept a delay of 17 days as sufficient even though the circuit allowed lag of 10 days to still allow causation at Shellenberger v. Summit Bancorp., Inc., 318 F.3d 183, 189 (3rd Cir. 2003).

It is fair to say district courts refuse to follow circuit direction.   All of the district courts cited by the magistrate dismissed cases that alleged causation when the punishment was from weeks to months after the protected speech.   The circuit, however, held that a complaint is still good if it alleges retaliation *one year* after the protected speech, and it is for a jury to agree or not.   Waiters v. Parsons, 729 F.2d 233, 238 (3rd Cir. 1984)(filing an informal complaint one year before the formal one could allege the informal complaint was the cause of the retaliation).   Those district courts will not allow a jury to even see it.

Plaintiff was informed that the circuit is the higher court to be followed; but the magistrate relies on the district courts over precedent from the 3rd Circuit.

Moreover, in none of those district cases did the plaintiff allege the third choice of proof that the 3rd Circuit specifically allowed in Lauren, supra, of causation proved by "the record as a whole".

This plaintiff's complaint *does* provide that third choice allegation Lauren allows, at ¶ 163:

163.   And the retaliation dished-out by SECRETARY CORTES in refusing to process Mel's fee waiver request and directing the Crawford County Elections Director to deny Mel voter lists came immediately after Mel complained that she had agreed to supply before Mel complained, and as a reaction to Mel's complaint, *and on the basis of this entire record*, makes it deliberate retaliation   and that satisfies the second element of   proof regardless of the intensity of the punishment,

Marin's complaint also alleges the retaliatory conduct was intended to deter a person of ordinary firmness from complaining, which is another main requirement:

> 40.   However, the SECRETARY refused to consider the fee waiver, to retaliate against Mel for complaining about the unconstitutional conduct of the local county elections offices which the SECRETARY controls.   The SECRETARY did this to show Mel that he is displeased with Mel's complaint against a local elections office, expecting that a person of ordinary firmness would be intimidated and drop the complaint.

And Marin's amended complaint alleges the last main element required of a retaliation claim, that the defendant punished plaintiff for a protected 1st Amendment activity:

> 41. . . . However, within days after the SECRETARY received Mel's June 12, 2015 letter complaining about the unconstitutional acts of local election offices, the SECRETARY directed the Crawford County Elections Director to refuse to produce that list for Mel, to punish Mel for the complaint.   When Mel called the Crawford elections director thereafter to give notice that he was now able to travel to Crawford to get the list, the director explained the change and refused to provide it then, or at any other time.

So, Marin gives the necessary elements, and provides allegations for each of them and those allegations are clear enough for the magistrate to identify the claim and to attack the claim for what he saw as a "gap".   He did not accuse Marin of being unintelligible with this cause of action, although when he started he concluded that the entire complaint was senseless.

Thus, the magistrate attempted to use the *stare decisis* rule to dismiss this case that is based on the third measure of causation that Marin relies on, and that this circuit allows from <u>Lauren</u>, <u>supra</u>, but he does so on the basis of cases dismissed under the first measure of causation from <u>Lauren</u>, <u>supra</u>.   It may not be improper or abusive of the magistrate.   But it is at least clear error, and this plaintiff is not related to any of those plaintiffs in the list of losing parties on REC. p. 28 and is not their privy, so he could not have waived the allegations of retaliation that he makes in this amended complaint.

And the question of whether or not there was causation on any evidence in the "whole record", is a jury question.   <u>Andreoli v. Gates</u>, 482 F. 3d 641, 650 (3rd Cir. 2007).

VII

QUALIFIED   IMMUNITY

The magistrate at REC. p. 29 also raises qualified immunity that the defendants did not.

## Defendants  Waived  Qualified  Immunity  And  This  Judge  Cannot  Give  It  Back

The defendants only argued 11th Amendment immunity, and plaintiff covered that already in his opposition to the motion to dismiss, at p. 22.

This circuit has held state immunity is not the same thing as qualified immunity.  Capogrosso v. The Supreme Court of New Jersey, 588 F. 3d 180, 185 (3rd Cir. 2009) (state immunity does not apply when state officers are sued in their individual capacities for prospective injunctive or declaratory relief to remedy ongoing violations of federal law).

Therefore, when the defendants failed to raise qualified immunity in their responsive pleading, they waived it.   Sharp v. Johnson, 669 F. 3d 144, 158 (3rd Cir.  2012) ("Qualified immunity is an affirmative defense and generally must be included in a responsive pleading or may be considered waived").

The magistrate's attempt to ignore this law and remind the district judge to preserve that issue is highly improper.  The magistrate is not the lawyer for the defendants.  He has no right to *sua sponte* raise the issue that the defendants failed to raise, and that they waived.  Khan v. Gutsgell, 55 S.W.3d 440, 441 n. 1 (Mo. App. 2001)(a court as an impartial arbiter cannot be an advocate for a party that declines to argue its own issues).

Plaintiff suggested recusal of the magistrate for ridicule in the first recommendation.   It is warranted again for the effort to relieve the defendants of their waiver without their asking.  Collins v. Experian Credit Reporting Serv., No. 3:04CV1905, 2004 U.S. Dist. LEXIS 26345, at * 7 (D. Conn. Aug. 24, 2005)(if the court finds information to help a party that a party could assert but did not, he

acts as a party's advocate, and not as an impartial adjudicator).


## Officers   Have No Qualified Immunity To Retaliate

The magistrate also set-forth steps to find qualified immunity for retaliation at REC., p. 31. But the circuit has held that there is no qualified immunity for a government actor alleged to have retaliated against the exercise of a constitutionally protected right like filing a complaint.  Atkinson v. Taylor, 316 F. 3d 257, 269 (3rd Cir. 2003).  See also, Rutan v. Republican Party of Ill., 497 U.S. 62, 75-76, 110 S.Ct. 2729, 2738, 111 L.Ed.2d 52 (1990)(the denial of even a trivial benefit "as failing to hold a birthday party for a public employee . . . when intended to punish her for exercising her free speech rights" states a claim under the 1st Amendment).

Thus, *if* the defendants did not waive a qualified immunity defense by failing to raise it at once as the circuit requires, the only question for a jury would be whether the defendants retaliated. If so, there is no qualified immunity.

The jury need not be asked whether Marin's informal complaint to the defendant secretary rather than a federal law suit could constitute a protected activity, because informal letters and even oral reports have been held to be protected as well.  Abramson v. William Paterson College of New Jersey, 260 F.3d 265, 287-88 (3rd Cir. 2001)(a formal complaint is not the only protected activity); Parker v. Philadelphia Newspapers, Inc., 322 F.Supp.2d 624, 631 (E.D. Pa. 2004)(an informal complaint is a protected activity according to Abramson);  Calhoun v. U.S. Dept. of Labor, 576 F.3d 201, 213 (4th Cir. 2009) (informal complaint to supervisor can be a protected activity).


## The Magistrate Continues To Accept As True Defendants' Best Facts

At Rec., p. 32 the magistrate continues to show bias, that he predetermined he would sink the complaint long before he reviewed it, by imposing facts asserted by the defendants as if they are true, which is opposite to the rule requiring a judge to accept facts of the plaintiff as true.

He concluded at REC. p. 32 that "state actors took acts in conformance with state law", solely because that is what the defendants asserted.

But that is not what Marin alleged.   Marin alleged defendant CORTES deliberately retaliated against Marin's complaint about election lists by directing local official to refuse to give Marin any lists at all.   That retaliation cannot be in conformance with state law or, if it is, then the state law that allows retaliation is void and the official is still liable personally for damages.

The magistrate also concluded that the defendants just obeyed a court order to take Marin off the ballot, solely because that is what the defendants asserted.   But this court is required to accept as true what the plaintiff alleges and not what the defendants allege.

Marin alleged that it was obvious that the order taking him off the ballot was void because the matter was removed to federal court at the time of the order and also at the time Marin was taken off the ballot, and he made that clear in a letter to the defendants before they acted on the fake order:

> 141.   Additionally, Marin expressly notified AICHELE by an additional letter delivered in person by Marin to the SECRETARY at her office in Harrisburg on April 29, 2014, followed by his mailing   of the same certified mail notice, that her notice that Marin was ordered removed by the state court, was false because of the removal to federal court, and Mel demanded that she send a correction notice to all counties to put Marin's name back on the ballot.

Because the magistrate has again merely taken the entire defendants' block of excuses as true facts and disregarded everything plaintiff alleged, this basis for dismissal too, cannot be taken seriously.   Storino v. Borough of Point Pleasant Beach, supra, 322 F. 3d 293, 296 (3rd Cir. 2003) (plaintiff's version of facts, not defendants', should have been taken as true for Rule 12 motion).

DATED:   April 30, 2016

_Mel M. M___

Plaintiff

## PROOF   OF   SERVICE

Plaintiff declares under penalty of perjury that on the date below he mailed this OBJECTION to the following address by 1st Class US Mail:    Att. General, Strawberry Square 15th Floor, Harrisburg, PA    17120.

DATED:    30 April 2016

Mel M.   Marin



fedex.com  1.800.GoFedEx  1.800.463.3339

ORIGIN ID:CLEA  (619) 655-7553
JORDANA M BAUMAN

2410 ALBATROSS ST UNIT 12

SAN DIEGO, CA 921011435
UNITED STATES US

SHIP DATE: 30APR16
ACTWGT: 0.30 LB
CAD: /OFFC1703
DIMS: 0x0x0 IN

BILL SENDER

TO  CLERK
U.S. DISTRICT COURT
228 WALNUT ST

HARRISBURG PA 17108

(000) 000-0000        REF:

DEPT:

MON - 02 MAY
STANDARD OVERNI

MON - 02 MAY
STANDARD OVERNIG

16 MDTA

8094 0009 6990

FID 100274 02MAY16 THVA  539C1/6323/6A08