## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MEL M. MARIN,** | : | |
| **Plaintiff** | : | |
| | : | **No.  1:15-CV-1550** |
| **v.** | : | |
| | : | **Judge Conner** |
| **THE SECRETARY OF THE** | : | **Magistrate Judge Carlson** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** *and* **THE** | : | |
| **COMMONWEALTH BUREAU OF** | : | **Electronically Filed Document** |
| **ELECTIONS,** | : | |
| | : | **Complaint Filed 08/07/15** |
| **Defendants** | : | |

---

### DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS

---

Commonwealth Defendants, by their attorney, submit this Opposition to Plaintiff's Objections to Chief Magistrate Judge Carlson's Report and Recommendation. For any of the reasons that follow, this Court should adopt the R&R and dismiss this litigation with prejudice.[1]

## **INTRODUCTION**

The procedural history and factual background, which are properly set forth in the R&R, are summarized below.

---

[1] Plaintiff concedes that he cannot sue state agencies for damages. ECF 32 at 12. Further, no claim can be brought against the Bureau of elections because of the Eleventh Amendment.

Plaintiff started this litigation with the filing of a 55-page, 225-paragraph Complaint on August 7, 2015.  ECF 1.  Chief Magistrate Judge Carlson screened the Complaint and found it to be woefully inadequate and recommended that it be dismissed.  ECF 5.  This Court adopted the R&R and dismissed the Complaint with prejudice.  ECF 9.  Plaintiff was provided an opportunity, however, to file an Amended Complaint.  *Id.*[2]  On October 19, 2015, Plaintiff filed a First Amended Complaint against the Secretary of the Commonwealth and the BCEL.  ECF 10.  As near as we can tell, Plaintiff complains about his removal from the 2014 congressional primary in Western Pennsylvania.  *Id.*

Commonwealth Defendants filed a Motion to Dismiss and Chief Magistrate Judge Carlson, once again, issued a Report and Recommendation in which he recommends that the First Amended Complaint be dismissed for any number of reasons including the fact that Plaintiff's pleading fails to comply with Rule 8, it raises claims that are barred by the doctrines of res judicata and collateral estoppel, it raises claims that are barred by the *Rooker-Feldman* doctrine, it fails to state a claim under 42 U.S.C. § 1983, it fails to set forth a claim for declaratory relief, it

---

[2]     This Court instructed that any amended pleading must "*clearly and cogently identify the legal theories that plaintiff seeks to pursue against each remaining defendant, in addition to the factual basis therefor.*"  ECF 9 (emphasis added).  Since Plaintiff's Amended Complaint failed this directive, we also sought dismissal pursuant to Rule 41.  Chief Magistrate Judge Carlson did not address this ground; however, Commonwealth Defendants submit that the Amended Complaint should be so dismissed.

fails to state a constitutional claim for damages and, even if it had, Commonwealth Defendants are entitled to qualified immunity.  ECF 31.

On May 3, 2016, Plaintiff filed a single "Notice and Objection" to the R&R. ECF 32.  Plaintiff's filing—which is procedurally deficient—tries to attack some of the recommendations.  Much like his previous filings, however, Plaintiff's "Notice and Objection" is nothing more than a series of random phrases that have been plucked from inapposite cases.  The "Notice and Objection" makes no sense and utterly fails to justify the rejection of the R&R; it should be overruled and this case should be dismissed with prejudice.

## A.    Plaintiff's "Notice And Objection" Does Not Comply With The Rules

Local Rule 72.3 requires a party objecting to an R&R to file written objections that "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."  LR 72.3.  In addition to the objection, the objector is required to file a separate brief.  LR 72.2.  Here, Plaintiff filed a single document that purports to be a "Notice and Objection."  ECF 32.  This single document fails to comply with our local rules and, thus, should be rejected.

Beyond this failure, Plaintiff's filing—as it seems to be a brief—fails to comply with other local rules.  To that end, it is 20 pages long, appears to be written in 12-point font, contains no table of contents or table of authorities, and

includes no word-count.  ECF 32.  In other words, it violates Local Rule 5.1 and Local Rule 7.8.  It should be rejected.

## B.  Chief Magistrate Judge Carlson Properly Concludes That The Amended Complaint Violates Rule 8

The pleading requirements for federal civil lawsuits are now well-settled. Rule 8 demands more than "the-defendant-unlawfully-harmed-me" accusation. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In fact, a complaint that offers nothing more than "labels and conclusions" or a "'formulaic recitation of the elements of a cause of action will not do.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 555).  Instead, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 570); *see also Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008).

This "plausibility" determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, at 1950.  As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but  it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, at 1950.  Put another way, where a "complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between

possibility and plausibility of 'entitlement to relief.'" *Id*. at 1949 (quoting *Twombly*, 550 U.S. at 557).

As particularly relevant here, the pleading requirements make clear that legal conclusions and assertions are to not to be credited.  *See Morse v. Lower Merion School District*, 132 F.3d 902, 906 (3d Cir. 1997) (a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss").  Indeed, there is a three-step analysis that must be undertaken:  first, the Court must take note of the elements that a plaintiff must plead to state a claim; second, the Court should identify allegations that, because they are conclusions, are not entitled to the assumption of truth; and finally, the Court must assess the facts that have been pled to determine whether a plausible claim has been alleged. *See Santiago v. Warminster Township*, 629 F.3d 121, 130 (3d Cir. 2010) (further citations and quotations omitted).  Where, as here, Plaintiff fails to describe who he wishes to sue and that these individuals purported did to him that violated his rights, "it is the duty of this Court to dismiss his claims."  ECF 31 at 9-10.

Against these clear standards, Plaintiff's first six pages take issue with Chief Magistrate Judge Carlson's recommendation that the First Amended Complaint

violates Rule 8.  Plaintiff's jumbled contentions make little sense and are without merit.[3]

For example, Plaintiff argues that Chief Magistrate Judge Carlson erred by not focusing on what Plaintiff concedes are unnecessary allegations.  *See* ECF 32 at 1, 2 (arguing that Chief Magistrate Judge Carlson's recommendation means that unnecessary allegations destroy the entire complaint and that every complaint contains unnecessary allegations); *see also* ECF 32 at 6 (suggesting that if essential allegations are mixed in with unnecessary ones a complaint must not be dismissed); ECF 32 at 6 (admitting that the allegations are repetitive).  Since this repetitive information is admittedly unnecessary, it cannot factually state a plausible claim and, even assuming it was ignored, it was proper to do so.[4]

Additionally, Plaintiff suggests that Chief Magistrate Judge Carlson's recommendation is wrong because it did not specifically advise Plaintiff as to the errors within the Amended Complaint.  *See* ECF 32 at 3 ("[n]owhere does the

---

[3]    For example, Plaintiff suggests that the Court has tried to change the law by noting that a plaintiff is required to show how the named defendant can provide the relief requested.  Plaintiff is asking this Court to set aside an election that occurred almost two years ago.  There is no way for the named individuals to provide this relief and a defendant's ability to provide redress is a fundamental requirement to establish a case or controversy under Article III of the U.S. Constitution.

[4]    Plaintiff posits that the unnecessary and repetitive allegations are the legal framework for this litigation.  Even if this were true, it does not alter the fact that, under current pleading standards, such allegations do not provide the factual assertions needed to state a plausible cause of action.  Further, and contrary to Plaintiff's suggestion—ECF 32 at 6-7—Commonwealth Defendants are not required to file a motion to strike.

government or the magistrate describe any words or allegations that are bad"); ECF 32 at 4 (the "court has a duty to identify the bad allegations"). This Court put Plaintiff on notice, through its previous adoption of an R&R that recommended dismissal of the matter, of what would be required in future pleadings. ECF 9. "Judges are not like pigs, hunting for truffles buried in briefs." *Zabresky v. Von Schmeling*, No. 3:12-CV-0020, 2014 WL 414248, *3, n.5 (M.D. Pa., Feb. 4, 2015).

Plaintiff—as a frequent litigant and through his opposition to our Motion to Dismiss—had every opportunity to argue how his Amended Complaint factually stated a claim on which relief could be granted. He did not. In fact, Plaintiff writes that it is "impossible to repeat here every allegation and try to explain it. It would take 600 pages." ECF 32 at 4. If it is impossible for Plaintiff—as the master of his pleading—to adequately explain his assertions to this Court, it is impossible for this Court to conclude that a claim has been plausibly alleged.

## C.   Collateral Estoppel/Res Judicata/*Rooker-Feldman* All Bar Plaintiff's Amended Complaint

Plaintiff spends the next five pages making two points—he claims that since Chief Magistrate Judge Carlson dismissed the matter for failure to state a claim, he must have understood the allegations and, thus, the Court's Rule 8 rulings were wrong and he asserts that because he removed the previous state-law objections to his candidacy to federal court, these doctrines do not apply. He is wrong on both accounts.

First, merely because Chief Magistrate Judge Carlson waded through the irrelevant and immaterial allegations to discover the nub of Marin's dispute does not mean that the Amended Complaint satisfied Rule 8. Indeed, Marin does not really argue to the contrary and an R&R properly can provide alternative bases for dismissal.

As to the other point, in 2014, Plaintiff tried to get on the ballot as a candidate for a congressional seat in Western Pennsylvania. A registered democratic elector successfully challenged Plaintiff's nominating petition on the basis that Marin failed to meet the signature requirement imposed by Pennsylvania law and that Marin's affidavits were materially and substantially false. *See In re Nomination Petition of Marin*, 174 MD 2014, *appeal denied*, 106 A.3d 678 (Pa. 2014). This issue was fully litigated before Commonwealth Court and the Pennsylvania Supreme Court and Marin lost. And, because of this, Plaintiff cannot seek to re-litigate that loss here either because of the *Rooker-Feldman* doctrine or because the present case is barred by res judicata and/or collateral estoppel.

In the face of this reality, Plaintiff claims that he tried to remove the Commonwealth Court action to federal court and that this attempted removal means that the state court decisions are nullities. Plaintiff's position is without merit. First, as the Commonwealth Court concluded, the election challenge is not a "civil action" for purposes of removal. *In re Nomination Petition of Marin*, 2014

WL 1612655 *1 n.3 (M.D. Pa. Apr. 22, 2014), *mandamus denied*, 567 Fed. Appx. 67 (3d Cir. 2014). Further, even if the objection could be deemed to be a "civil action", Judge Jones found that the objection against Marin did not—on the face of the well-pleaded "complaint"—assert a claim arising under federal law. *Id*. at *1. As such, the federal court lacked subject matter jurisdiction over the election challenge and the matter was dismissed. *Id*. at *2.[5]

**D. Plaintiff Is Not Entitled To Declaratory Relief**

Plaintiff next misconstrues Chief Magistrate Judge Carlson's reasoning for denying declaratory relief. To that end, the Court, using its discretion, recommended the denial of such relief for several reasons including the fact that: (1) Marin had the opportunity to use other means to redress his failure to get on the ballot—indeed, he litigated that issue all the way to the Pennsylvania Supreme Court; (2) Pennsylvania's election law is clear and not in need of clarification; (3) Marin no longer lives in Pennsylvania; and (4) a declaration about past elections would serve no purpose. Plaintiff offers no meaningful objection to this Court's

[5] Since the federal court lacked jurisdiction, it had no power to provide any relief to Marin. Additionally, an examination of the Commonwealth Court docket reveals that Marin actively participated in that proceeding and, thus, had every opportunity to address the objections to his 2014 candidacy. For example, he filed an Application for Relief seeking to subpoena witnesses for the trial. He also sought a continuance of the hearing. He filed a Motion to Quash. He lost at trial and he sought review from the Pennsylvania Supreme Court. *See generally* Exhibit A (Commonwealth Court docket). His actions there speak louder than his words here—he lost and he cannot re-litigate those losses here.

use of its discretion.  Indeed, his citation to *Morrill* is incorrect as that case does not hold that residency requirements for candidates are unconstitutional—instead, it dealt with the residency requirement for those signing petitions and not the candidates.[6]

## E.  Plaintiff Is Not Entitled To Damages Against Those He Has Sued

Plaintiff seeks millions of dollars—apparently, thinking he would have been elected in 2014 and would continue in office for decades—yet he alleges merely that he asked for a waiver of state law and the request was denied.  Chief Magistrate Judge Carlson correctly recommends that Plaintiff fails to allege a First Amendment retaliation claim.  Plaintiff's objects; however, he does nothing more than point to boiler-plate legal conclusions, which are insufficient to establish this

---

[6]     Commonwealth Defendants do not understand Marin's "new mootness issue."  The 2014 election is over; thus, there is no ability to seek declaratory relief for these past actions.  *See Hodinka v. Delaware Cty.*, 759 F. Supp. 2d 603, 610 (E.D. Pa. 2011) ("[d]eclaratory judgment is inappropriate solely to adjudicate past conduct"); *Corliss v. O'Brien,* 200 Fed. Appx. 80, 84 (3d Cir. 2006) (upholding dismissal of plaintiff's declaratory relief claim, which asked that the District Court "declare that his constitutional rights were violated").  As for the failure to be included on the 2016 primary ballot, there are no allegations that Marin tried to collect signatures and, beyond that, he is a resident of Ohio and not the Commonwealth.  Finally, as for Marin's hope to be included in future Pennsylvania elections, such claims are not ripe since the time for gathering signatures for future elections has not yet begun and because he currently is a resident of Ohio.  *See Texas v. U.S.*, 523 U.S. 296, 300 (1998) (a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all") (further quotations and citations omitted).

claim.[7]   Indeed, after citing the elements of this claim, he merely states that he "provides the allegations of fact to meet each of these elements; however, he fails to identify these "facts"—*see* ECF 32 at 16-17 (quoting ¶¶ 40-41, 163 but which all merely incant suppositions and conclusions)—and his claim that Chief Magistrate Judge Carlson failed to follow Circuit precedent is belied by the fact that the R&R amply cites to, and quotes from, Third Circuit cases.  ECF 31 at 25-28.[8]

In the end, the fact is that asking for a waiver that would benefit him is not protected speech, denying this request for a waiver is not an "adverse action" and certainly, given Marin's subsequent litigiousness, the denial has not chilled his speech at all.  In light of such realities, the First Amendment claim necessarily fails.

## F.   Qualified Immunity Has Not Been Waived

Commonwealth Defendants have not waived the issue of qualified immunity.  To that end, we filed a Motion to Dismiss, which is not a responsive pleading.  *See Tartaglia v. Safety Bus Service, Inc.*, 2008 WL 1868690 *1 n.1

---

[7]   As we noted above, the fact that the R&R provides alternative bases for dismissal is entirely proper.

[8]   Plaintiff's reliance on *Waiters v. Parsons*, 729 F.2d 233 (3d Cir. 1984) widely misses the mark because that Title VII retaliation case involved only the issue of whether the plaintiff had administratively exhausted her remedies.  *Id*.  No such issue is presented here.  Further, *Lauren W. ex rel Jean W. v. DeFlammis*, 480 F.3d 259 (3d Cir. 2007) actually affirmed the rejection of a retaliation claim and, thus, is of no help to Plaintiff.

(E.D. Pa. Apr. 28, 2008) (further citations omitted).  If this matter proceeds, we will be entitled to file an Answer with Affirmative Defenses and one of those defenses will be qualified immunity.

In any event, given Chief Magistrate Judge Carlson's conclusions regarding the lack of merit to the First Amendment retaliation claim, he was within his authority to note that state actors would not be on notice that the Commonwealth's conduct violated clearly established constitutional rights.  Given this, it is clear that Commonwealth Defendants are entitled to qualified immunity.

## CONCLUSION

For these reasons, then, Commonwealth Defendants respectfully request that this Court overrule Plaintiff's Objections and adopt Chief Magistrate Judge Carlson's R&R and dismiss this matter with prejudice.

**Respectfully submitted,**

**BRUCE L. CASTOR, JR.**
**Solicitor General**

**BRUCE R. BEEMER**
**First Deputy Attorney General**

**By:**   *s/ Nicole J. Radziewicz*
_____
**NICOLE J. RADZIEWICZ**
**Deputy Attorney General**
**Attorney ID 314061**

**Office of Attorney General**
**15th Floor, Strawberry Square**
**Harrisburg, PA 17120**
**Phone: (717) 783-3146**            **KENNETH L. JOEL**
**Fax:    (717) 772-4526**            **Chief Deputy Attorney General**
**nradziewicz@attorneygeneral.gov**   **Chief, Civil Litigation Section**

**Date:  May 16, 2016**              *Counsel for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MEL M. MARIN,** | : | |
| **Plaintiff** | : | |
| | : | **No.  1:15-CV-1550** |
| **v.** | : | |
| | : | **Judge Conner** |
| **THE SECRETARY OF THE** | : | **Magistrate Judge Carlson** |
| **COMMONWEALTH OF** | : | |
| **PENNSYLVANIA** *and* **THE** | : | |
| **SECRETARY OF THE** | : | **Electronically Filed Document** |
| **COMMONWEALTH BUREAU OF** | : | |
| **ELECTIONS,** | : | **Complaint Filed 08/07/15** |
| **Defendants** | : | |

## CERTIFICATE OF SERVICE

I, Nicole J. Radziewicz, Deputy Attorney General for the Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that on May 16, 2016, I caused to be served a true and correct copy of the foregoing document titled **DEFENDANTS' OPPOSITION TO PLAINTIFF'S OBJECTIONS** to the following:

<u>**VIA U.S. MAIL**</u>

**Mel M. Marin
3900 Dawnshire Drive
Parma, OH  44134**
*Pro Se Plaintiff*

                                    *s/ Nicole J. Radziewicz*
                                    **NICOLE J. RADZIEWICZ
                                    Deputy Attorney General**