IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MEL MARIN,** | : CIVIL ACTION NO. 1:15-CV-1550 |
| Plaintiff | : (Chief Judge Conner) |
| v. | : |
| **THE SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA,** *et al.,* | : |
| Defendants | : |

# **ORDER**

AND NOW, this 6th day of June, 2016, upon consideration of the report (Doc. 31) of Chief Magistrate Judge Martin C. Carlson, recommending the court grant defendants' motion (Doc. 13) to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), wherein Judge Carlson opines that the first amended complaint (Doc. 10) of *pro se* plaintiff Mel Marin ("Marin"), asserting various and sundry causes of action against a number of state agency defendants arising from Marin's past Congressional bids, fails to state a claim for which relief may be granted and is subject to dismissal under Federal Rules 8 and 12, (Doc. 31 at 11-32), and the court noting that Marin has objected (Doc. 32) to the report, see FED. R. CIV. P. 72(b), and that defendants have responded (Doc. 33) thereto, and, following a *de novo* review of the contested portions of the report, Behar v. Pa. Dep't of Transp., 791 F. Supp. 2d 383, 389 (M.D. Pa. 2011) (citing 28 U.S.C. § 636(b)(1)(C); Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989)), and applying a clear error standard of review to the uncontested portions, see Cruz v. Chater, 990 F. Supp. 375, 376-78 (M.D. Pa. 1999),

the court being in agreement with Judge Carlson that: *first*, Marin's amended complaint (Doc. 10) violates the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, (see Doc. 31 at 11-13); *second*, many of Marin's claims are barred by the doctrines of *res judicata*, collateral estoppel, and Rooker-Feldman, (see id. at 14-20); *third*, the doctrine of sovereign immunity bars Marin's claims for damages against the defendant state agencies and state agency officials sued in their official capacities,[1] (see id. at 20-22); *fourth*, Marin has not established a sufficient justification for the court to exercise its discretion to enter declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, (see Doc. 31 at 22-24); *fifth*, Marin fails to sufficiently identify a causal connection between perceived protected activity and any adverse action taken by defendants in support of his retaliation claim pursuant to the First Amendment and 42 U.S.C. § 1983, (see Doc. 31 at 25-32); and *sixth*, assuming *arguendo* that Marin states a viable constitutional claim against any individual state agency defendants, said defendants are entitled

---

[1] Marin abandons his claim for damages against the state agency defendants in his objections. (See Doc. 32 at 12).

2

to qualified immunity as the right purportedly violated is not clearly established,[2] (see id. at 29-32), and the court finding Judge Carlson's analysis to be thorough, well-reasoned, and fully supported by the record, and finding Marin's objections (Doc. 32) to be entirely without merit and squarely addressed by the report, and the court further finding, in light of the myriad and fundamental defects in Marin's amended complaint, that granting Marin additional leave to amend would be futile,[3]

---

[2] Marin contends that Judge Carlson erred by basing his recommendation, in part, on qualified immunity considerations because "defendants failed to raise qualified immunity in their responsive pleading." (Doc. 32 at 18-19 (citing Sharp v. Johnson, 669 F.3d 144, 158 (3d Cir. 2012)). Marin's selective quotation of Sharp is unavailing: the Third Circuit did observe that the defense of qualified immunity "*generally* must be included in a responsive pleading," but immediately clarified that this is not a "firm rule" and that "affirmative defenses may be raised at any time, even after trial, so long as the plaintiff suffers no prejudice." Sharp, 669 F.3d at 158. In any event, the law within the Third Circuit is clear that a Rule 12(b)(6) motion is not a "responsive pleading"; hence, a party's decision not to raise an affirmative defense in its Rule 12 motion does not foreclose the party from later asserting the defense in its answer. See, e.g., Toby v. Lamas, No. 3:13-CV-2882, 2015 WL 4878708, at *3 (M.D. Pa. Aug. 14, 2015) (citing Haagensen v. Supreme Court of Pa., 390 F. App'x 94, 97 (3d Cir. 2010)); see also Maya Swimwear, Corp. v. Maya Swimwear, LLC, 789 F. Supp. 2d 506, 512 (D. Del. 2011) (quoting Worldcom, Inc. v. Graphnet, Inc., 343 F.3d 651, 657 (3d Cir. 2003)).

[3] In his objections, Marin also requests an opportunity to amend his pleading to "affect the 2016, 2018, 2020, and 2022 elections, or however long it takes for this court to act and for the circuit to review this dismissal . . ." (Doc. 32 at 13-14). A party may not amend its complaint by raising new theories of liability or causes of action in a brief in opposition to a motion to dismiss. See Commonwealth of Pa. *ex rel.* Zimmerman v. PepsiCo, Inc., 836 F.2d 173, 181 (3d Cir. 1988). Moreover, Marin's proposed claim reflecting a desire to be included on future election ballots is entirely "contingent [upon] future events that may not occur as anticipated, or indeed may not occur at all," and is thus not ripe for adjudication. See Texas v. United States, 523 U.S. 296, 300 (1998).

see Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002), it is hereby

ORDERED that:

1. The report (Doc. 31) of Chief Magistrate Judge Carlson is ADOPTED.

2. Defendants' motion (Doc. 13) to dismiss is GRANTED.

3. Plaintiff's amended complaint (Doc. 10) is DISMISSED with prejudice.

4. The Clerk of Court is directed to CLOSE this case.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania